### FEDERAL LIFE INS. CO. v. LEWIS.

No. 9271—Opinion Filed May 13, 1919.

On Petition for Rehearing, Oct. 7, 1919.

(Syllabus by the Court.)

**1. Insurance—Ambiguous Language in Life Policy—Construction.**

Where the meaning of language in a policy of life insurance is ambiguous or susceptible of two different constructions, the same will be strictly construed against the insurer, and that construction adopted which is most favorable to the insured.

**2. Same — Total Disability — Payment of Premiums.**

In an action on an insurance policy, which contains the provision "that if the insured shall furnish due proof of total permanent disability that he will be continuously and wholly prevented thereby, for life, from pursuing any and all gainful occupations, the company agrees to pay regularly for the insured the premiums," then in the same section contains the further provision, "if, however, the insured shall recover so as to be

able to engage in any gainful occupation during the premium paying period, the company's obligation to pay the premiums shall cease," said sections are ambiguous and contradictory, but, when construed together, must mean that if the insured is totally disabled, and will probably be so for life, he comes within the provisions of the policy requiring the company to pay the premiums.

### 3. Same—Proof of Total Disability—Waiver.

The provision in the insurance policy requiring proof of total disability to be furnished the company within a certain definite time is waived by the company denying liability within such time upon other grounds than failure to furnish proof of total disability.

### 4. Appeal and Error—Harmless Error—Admission of Evidence.

Under section 4759 of Revised Laws of 1910 the allegation of any appointment of authority is taken as true, unless the denial of the same be verified by affidavit of a party, his agent or attorney. The plaintiff alleged that a certain party was agent of defendant, which allegation was undenied, as above required. Evidence was offered on the trial of the cause to establish the agency thus admitted. Held, that the reception of the same was not prejudicial error.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Stanley Lewis against the Federal Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

B. O. Young, for plaintiff in error.

J. K. Wright, for defendant in error.

McNEILL, J. This is an appeal from the district court of Oklahoma county in an action wherein Stanley Lewis was plaintiff and Federal Life Insurance Company was defendant. The parties will be referred to according to the position they occupied in the court below. From a judgment in favor of Lewis, the insurance company has appealed.

The material facts are as follows: Stanley Lewis obtained a life insurance policy from the defendant company, said policy containing the following provision, to wit:

"After premiums shall have been paid for one year and before default in the payment of any subsequent premium, if the insured shall furnish due proof of total permanent disability by bodily injuries or disease, and that he will be continuously and wholly prevented thereby, for life, from pursuing any and all gainful occupations, the company, by an indorsement in writing upon this policy, will agree to pay annually for the insured the premiums, if any, which shall thereafter become payable during the continuance of such total disability, provided such proof

shall be furnished to the company before the insured shall attain the age of 60 years. In any such case the premium so paid shall not be a lien on this policy or charge against the insured, and the cash loans and values of this policy in the same amounts as if the premiums were being paid by the insured. If, however, the insured shall recover so as to be able to engage in any gainful occupation during the premium paying period, the company's obligation to pay the premiums shall cease, and the insured shall resume payment of premiums in accordance with this policy on the first due date following such recovery."

The premiums on the policy were due and payable on the 30th day of September each year. After the policy had been in force and effect for several years, in April, 1915, the plaintiff, Lewis, received a gunshot wound in one hand. The evidence disclosed that for about 14 weeks he was confined to his bed, and then was unable to get out of his bed without the use of a cane. Besides losing several fingers on the left hand, his legs were very weak and unsteady. The doctor stated he was suffering from ataxia tabes dorsalis, considered generally as an incurable disease; his limbs were very weak and trembling, he had practically no control over them, and walked with great difficulty, and several times a strong wind caused the plaintiff to fall.

The evidence disclosed that prior to September 30, 1915, he had a conversation with T. J. Wood, the state agent of the company, in regard to the insurance, and informed the agent that the policy contained the provision that the company would pay the premium during such time as he was totally disabled; that the agent informed him there was something the matter with his head; that there was nothing wrong with him, and that he did not come under that clause of the policy. The sister of the plaintiff also testified that she had informed Mr. Wood, the state agent, as to his condition. On September 30, 1915, the plaintiff made payment of the insurance by giving a note for part and paying part, and the note was eventually paid, but paid by the plaintiff under protest. There was some correspondence between him and the company in which he advised them he was paying the premium under protest, and after making the payment he filed suit to recover the same back. For the year 1916 the company required certain affidavits as to his condition, which were furnished, and it paid the insurance for that year. The plaintiff below pleaded that he had not furnished any proof of his condition for the year 1915 for the reason the company waived the proof and had denied liability. The defendant

company introduced no evidence, and the court instructed the jury to return a verdict for the plaintiff and against the defendant for the amount paid. From said judgment the defendant appeals.

The first assignment of error that the defendant company urges is that the plaintiff failed to prove that he was totally and permanently disabled, and that he would be continuously and wholly prevented thereby, for life, from pursuing any and all gainful occupations; that the provision in the policy provided:

"If the insured shall furnish due proof of total permanent disability by bodily injuries or disease, and that he will be continuously and wholly prevented thereby, for life, from pursuing any and all gainful occupations;"

and the same section further provides:

"If, however, the insured shall recover so as to be able to engage in any gainful occupation during the premium paying period, the company's obligation to pay the premiums shall cease, and the insured shall resume the payment of premiums, in accordance with this policy, on the first due date following such recovery."

The defendant argues that the evidence does not disclose that the plaintiff would be permanently disabled for life, but it is admitted that the company accepted his condition as coming within that provision of the policy, and paid the premiums for the year 1916.

The doctor testified that the disease was considered usually incurable and his condition was very unfavorable. To admit of the technical interpretation of said policy as the defendant company attempts to invoke in the case at bar would make the policy ambiguous and contradictory and meaningless in part. In the first case they have the provision in the policy that, if permanently disabled, he must be in such a condition that he will be permanently and wholly disabled for life from pursuing any and all gainful occupations. In the same section it provides if, however, he should recover and be able to engage in a gainful occupation, then he should again assume payment of the premiums. The evidence at the trial disclosed that the plaintiff had been disabled up to the time of the trial, which was January 5, 1917, or almost two years after the injury, and at the time of the trial the company had also recognized the fact that he was totally disabled, and had paid the premiums on the insurance policy for the year prior thereto. We think a fair construction of the provisions of the policy, when construed together, must be that if the insured was to-

tally disabled, then the company should pay the insurance premium. The word "total" disability is construed by this court in the case of Continental Casualty Co. v. Wynne, 36 Okla. 325, 129 Pac. 16, which states as follows:

"Total disability, under the provisions of an accident insurance policy, does not mean absolute physical inability on the part of the insured to transact any kind of business pertaining to his occupation. It exists, although the insured may be able to perform a few occasional or trivial acts relating thereto, if he is not able to do any substantial portion of the work connected with his occupation."

We do not think that the company could ask the court to construe the clause that the plaintiff did not come within the provision of this section, when it itself was recognizing him as coming within the provision of the clause, and was paying the insurance at the time of the trial, for the same injuries that he was claiming the benefits therefrom in 1915. The evidence disclosed at the time of the trial that he was showing some improvement from his previous condition. The rule as laid down by this court in the case of Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181, is as follows:

"Where the meaning of language in a policy of life insurance, or in the application therefor, is ambiguous or susceptible of two different constructions, the same will be strictly construed against the insurer, and that construction adopted which is most favorable to the insured."

The policy first provides that the insured must prove that he will be totally disabled for life from continuing any gainful occupation. The same section then provides, if he recovers or does assume any gainful occupation, he must then pay his premiums. In this case they are asking us to construe only the first portion of said section, but, by construing them together, we think the liberal construction means "total disability," and that he probably will be so for life. We think as to this assignment of error there is no merit.

The second assignment of error is that the plaintiff failed to furnish due proof of total permanent disability. The policy contained the provision that "if the insured shall furnish due proof prior to the time of default." The accident occurred in April; the premium was not due until September 30th. The plaintiff stated that he talked to the state agent twice during that time, and the agent informed him that he did not come within the clause as provided in the policy. At no time did the agent inform him in regard to the proof necessary, nor what proof

was required, nor that the company would furnish blanks to make out his proof thereon, but denied liability, in that plaintiff did not come within that clause. Our court has held in the case of Oklahoma Fire Ins. Co. v. Wagester, 38 Okla. 291, 132 Pac. 1071, and American Nat. Ins. Co. v. Donahue, 54 Okla. 294, 153 Pac. 819:

"A provision in an insurance policy requiring proof of loss to be furnished the company within a certain definite time is waived by the company denying liability within said time upon other grounds than failure to furnish proof of loss."

The sister of the plaintiff also informed the company as to the condition of the plaintiff, and when the plaintiff demanded of the state agent upon two occasions to fix the policy, to give him the benefit of the total disability clause, the state agent replied that he did not come within the provision of said clause. This was a denial of liability. The defendant claims the cases above cited, Oklahoma Fire Ins. Co. v. Wagester and American Nat. Ins. Co. v. Donahue, are distinguishable; but in this we cannot agree.

The next assignment is that there is no evidence that T. J. Wood was the state agent of the company. The plaintiff alleged in his petition that T. J. Wood was the state agent, with full power and authority. This was denied, but not under oath. The plaintiff introduced certain evidence to show that Wood was the state manager, and the receipts were signed by Wood as state manager. At the trial of the case the court stated, "I presume you intend to show that Wood is the agent." The attorney for the plaintiff replied, "Yes; but that is admitted, however." To this the company made no objection that they were admitting that Wood was the agent. Defendant admits the force of the statute which requires the allegation of agency should be denied under oath or the same should be taken as true, but states the fact that the plaintiff, in addition to relying on the denial, introduced certain evidence, and he thereby waived all of his rights under the provision. In this we cannot agree, as stated by this court in the case of Armstrong, Byrd & Co. v. Crump, 25 Okla. 452, 106 Pac. 855, wherein the court stated:

"The allegation of any appointment or authority is taken as true, unless the denial of the same be verified by affidavit of a party, his agent or attorney. The defendant alleged that a certain party was the agent of plaintiff, which allegation was undenied, as above required. Evidence was offered on the trial of the cause to establish the agency thus admitted. Held, that the reception of the same was not prejudicial error."

The defendant relied on the case of Spaulding v. Thompson, 60 Okla. 136, 159 Pac. 509, but there the court stated:

"But if he raises an issue thereon by introducing evidence to establish the truthfulness of said indorsement, it is too late then to complain if the defendant accepts the issue and attacks the indorsement and plaintiff's evidence substantiating the same with adverse evidence."

There was no evidence to show that Wood was not the state agent, or had no authority; but when plaintiff's attorney in the case below informed the court that it was admitted, the company's attorney did not deny this, or attempt to raise the issue thereon. The holding of the above case is to the effect that in the case at bar, although the defendant company's answer is not verified, still, after the plaintiff had introduced some evidence tending to prove that Wood was the state agent, the defendant company would have had the right then to introduce evidence contradicting that allegation; but in the case where the answer is not verified, and the plaintiff introduced some evidence to support the allegations, and the defendant introduced none, there can be no question, so far as the defendant is concerned; his pleadings did not deny the allegation, and he offered no evidence to deny it, so it must be taken and admitted as true. Section 3464, Rev. Laws 1910, is as follows:

"All life insurance companies doing business under the laws of this state shall be required to maintain a general agency within the state, in charge of a resident general agent."

The proof disclosed, and the allegations were, that Wood was the resident and general agent. The pleadings admit this fact, and the evidence supports the fact. Without any evidence to the contrary, there can be no merit in this assignment of error.

The defendant alleges the introduction of immaterial testimony, but this assignment of error is not well taken. The evidence was uncontradicted, and the evidence introduced on behalf of the plaintiff proved the allegations of the petition, and they were not even denied. In a case where the court rendered judgment for plaintiff upon the evidence, it cannot be said that the introduction of immaterial evidence could be a proper assignment of error unless the court based its judgment upon the immaterial evidence.

The evidence in this case was uncontradicted. There was no dispute as to the facts in the case, but the only questions presented were, did the defendant waive proof of loss by denying the liability? This fact was

undenied, and was not even contradicted in any way or by any inference. Therefore as to that question there was no issue.

The interpretation of the policy was the only other question. That fact was undenied. Although it is true that the doctor stated, that, as to whether the plaintiff would ever be able to do any work, he was not positive, but that his disease was considered incurable, so on this question we think there was but one conclusion that could be reached from the evidence, there being no evidence offered on behalf of the defendant, nor was the evidence on behalf of the plaintiff contradicted in any way whatever. The plaintiff having made out his case, no evidence being offered by the defendant, it was not error for the court to render judgment upon the evidence in favor of plaintiff and against the defendant.

SHARP, RAINEY, HARRISON, PITCHFORD, and JOHNSON, JJ., concur.

### On Petition for Rehearing.

PER CURIAM. The plaintiff in error, on petition for rehearing suggests that the court in the opinion should have passed upon the question of the authority of the agent Wood, and not upon the question of whether Wood was the agent, for the reason that the company did not deny that Wood was the agent, but denied his authority. The petition alleges that Wood was the agent, with full power and authority to act. The company in its answer admits he was agent, but denies his authority, but the denial was not verified. The rule adopted by this court as to verification of an answer, in denying either the appointment or authority of the agent, is the same, the court holding that, in order to deny the appointment or authority of the agent, the answer must be verified; otherwise the allegations of agency or authority as alleged in the petition will be taken as true. This court, in the case of Chicago, Rock Island & Pacific Ry. Co. v. E. F. Mitchell, 19 Okla. 579, 101 Pac. 850, held in substance:

Where the allegations of the petition set up the authority of the agent, and the defendant denies this authority, and the answer was sworn to by the attorney, but not in compliance with the statute, which provides what is necessary for the attorney to allege before he may verify a pleading, it does not bring the denial within the statute, and is not sufficient to raise the issue of authority. The fact that plaintiff may have introduced some evidence in the court below to prove authority, under the cases cited in the opinion, would not be prejudicial error.

The defendant introduced no evidence to show lack of authority; therefore the authority of the agent as alleged in the petition will be taken as true.

The petition for rehearing is therefore denied.

OWEN, C. J., and RAINEY, KANE, JOHNSON, PITCHFORD, and HIGGINS, JJ., concur.