## LINCOLN HEALTH & ACCIDENT INS. CO. v. JOHNIGAN.

No. 16393—Opinion Filed April 13, 1926.

(Syllabus.)

### 1. Insurance—Liability on Accident Policy —Homicide as "Accidental Injury."

An injury intentionally inflicted by another upon the insured, and without the foreknowledge or connivance of the insured, is an injury inflicted through "external, violent, and accidental means." An injury is "accidental," within the meaning of an insurance policy, although it is inflicted intentionally and maliciously by one not the agent of the insured, if unintentional on the part of the insured. Union Accident Company v. Willis, 44 Okla. 579.

### 2. Same—Construction of Policy — Exceptions.

Where the language of an accident insurance policy does not clearly express an exception, the court will not write an exception into the policy by interpretation.

### 3. Same—Ambiguity —Construction Favoring Insured.

Where the language of an insurance policy is ambiguous or susceptible of two different constructions, the same will be strictly construed against the insurer and that construction adopted which is most favorable to the insured.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Lizzie Johnigan against the Lincoln Health & Accident Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. E. Latimer, for plaintiff in error.

Bond & Bond, for defendant in error.

LESTER, J. The parties will be referred to as they appeared in the trial court.

The plaintiff brought this action in the district court of Stephens county, Okla., on an accident insurance policy issued to one Bob Johnigan for the sum of $1,000, alleging that the insured had been accidentally killed and seeking a recovery of said amount as beneficiary. The defendant filed its answer in which it claimed that it was not liable thereon, as said policy provided that there should be no liability in the event said insured was killed intentionally by the insured or any other person. Said cause was tried to a jury, and at the close of the testimony upon the part of the plaintiff, the defendant then introduced one witness, who identified a copy of an insurance policy such as pleaded in this case. Defendant then sought to introduce a letter from the Insurance Commissioner which purported to construe the meaning of said policy. An objection was then made to the introduction of the said letter, and the court sustained the objection.

The defendant assigns numerous errors upon the part of the court as grounds for reversal. The insured, Bob Johnigan, was on the 17th day of December, 1923, shot by one Marvin Kincannon in the Johnson Hotel located in the city of Marlow, Okla., and on the following day said insured died from the wounds so inflicted on the previous day. The insurance policy upon which the plaintiff seeks recovery provides in paragraph 1 of the said policy as follows:

"In consideration of the application for this policy, which is hereby referred to and made a part of this contract, and in further consideration of the payment in advance of the premium stated in schedule below, on or before every Monday hereafter during the life of the insured, the Lincoln Health and Accident Insurance Company, subject to the provisions printed on the face and back hereof, will pay to the beneficiary named in said schedule one thousand dollars within twenty-four (24) hours after satisfactory proof has been furnished the company at its Home Office, Oklahoma City, Okla., of the death of the insured, resulting directly and independently of all other causes through external violent and accidental means (excluding suicide—sane or insane) provided death of the insured occurs within ninety (90) days from date of accident."

This court in the case of Union Accident Company v. Willis, 44 Okla. 579, 145 Pac. 812, in syllabus No. 5 thereof, announces the following rule:

"An injury intentionally inflicted by another upon the insured, and without the foreknowledge or connivance of the insured, is an injury inflicted through 'external, violent and accidental means.' An injury is 'accidental,' within the meaning of an insurance policy, although it is inflicted intentionally and maliciously by one not the agent of the insured, if unintentional on the part of the insured."

The above rule is supported by numerous authorities, among which are the following: American Accident Company of Louisville v. Carson (Ky. App.) 36 S. W. 169; Lovelace v. Travelers Protective Association of America (Mo.) 28 S. W. 877; Supreme Council of the Order of Chosen Friends v. Garrigus (Ind.) 13 N. E. 818; Crandal v. Accident Insurance Company of N. A., 27 Fed. 40.

Therefore the law is established in this state that where one is killed or injured by

another party, such injured party or his beneficiary may recover within the terms provided by paragraph 1 of the insurance policy, such as existed in this case. The defendant, however, contends that paragraph 4 of said policy creates an exception to the conditions set forth in paragraph 1 thereof. Paragraph 4 is as follows:

"Accidental death, dismemberment or weekly indemnity shall not be paid for medical or surgical treatment (except operation necessitated solely by the injury received and made within ninety (90) days from date of accident), bites, or stings of insects, ptomaines, fits, orchitis, or disease in any form, or miscarriages of premature birth, sunstroke, overheat, freezing, blood poison or septic infection, stabs or gunshot wounds; or for disability for loss of time, dismemberment or death due wholly or in part to, or resulting directly or indirectly from injuries inflicted by the insured or by any other person (assault by burglars or robbers excepted) intentionally or unintentionally, or sustained by the insured in war or riots or while engaged in mining or aerial navigation, baseball, football; or while insane or delirious, or under the influence of any narcotic or intoxicant; or while fighting or violation of law."

In the case of Lincoln Health & Accident Insurance Co. v. Buckner, Adm'x, decided by this court on October 27, 117 Okla. ——, the court, in construing a policy identical with the policy in the instant case, said:

"Counsel for defendant insists that the first part of paragraph 4 means that accidental death indemnity, dismemberment indemnity, or weekly indemnity shall not be paid for medical or surgical treatment, and that accidental death indemnity, dismemberment indemnity, or weekly indemnity shall not be paid for bites and for the other causes enumerated therein, including gunshot wounds. By giving the first part of paragraph 4 the construction contended for by defendant, the main purpose or intention of the policy is practically defeated; at least, greatly abridged. We think the construction hereinabove placed on paragraph 4 comes more nearly being the proper and natural construction.

"To say the least of it, the language of paragraph 4 does not clearly express an exception, and the court will not write an exception into the policy by interpretation. Great S. L. Ins. Co. v. Churchwell, 91 Okla. 157, 216 Pac. 676. In any event, paragraph 4 is as equally susceptible of the construction we have placed on it as that contended for by defendant; therefore, this case is governed and controlled by the rule announced by this court in the case of Federal Life Ins. Co. v. Lewis, 76 Okla. 142, 183 Pac. 975, 5 A. L. R. 1637, as follows:

" 'Where the meaning of language in a policy of insurance is ambiguous or susceptible of two different constructions, the same will be strictly construed against the insurer, and that construction adopted which is most favorable to the insured.' General Accident, etc., Corp. v. Hymes, 77 Okla. 20, 185 Pac. 1085; Great So. Life Ins. Co. v. Churchwell, supra."

It is our opinion that paragraph 4 does not constitute an exception to the terms and conditions of paragraph 1 of said policy, and the judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HUNT, CLARK, RILEY, JJ., concur. PHELPS, J., dissents.