## BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES v. MITCHELL.

No. 18146.  Opinion Filed Jan. 31, 1928.

(Syllabus.)

1. **Insurance—Policy to Be Construed in Its Entirety.**

The various provisions of an insurance policy should be considered and construed together, and a construction placed upon the policy consistent with its terms and provisions.

2. **Contracts—All Provisions Construed Together.**

The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable; each clause helping to interpret the others.

3. **Insurance — Ambiguity—Construction of Accident Certificate.**

Where a certificate of accident insurance provides, in part 5 of its several parts, that benefits for disability, death, or dismemberment occasioned by or resulting from any surgical operation rendered necessary solely and exclusively by an injury covered by the certificate, are payable in like amounts and manner as provided under part 2 of such certificate, and where part 2 provides for payment of death benefits in event death of the insured occurs within 90 days from

such accident, held, part 5 provides a separate cause for benefits, and is not limited, by part 2, to where death occurs within 90 days of the original accident.

4. **Same — Ambiguous Policy Construed Against Insurer.**

Where the language of an insurance policy is ambiguous or susceptible of two different constructions, the same will be strictly construed against the insurer and that construction adopted which is most favorable to the insured.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Cora Mitchell against the Benefit Association of Railway Employees. Judgment for plaintiff, and defendant appeals. Affirmed.

B. D. Shear and E. E. Blake, for plaintiff in error.

Lydick, McPherren & Jordan, for defendant in error.

MASON, V. C. J. The defendant in error, Cora Mitchell, was plaintiff and the plaintiff in error, Benefit Association of Railway Employees, was defendant in the lower court, and, for convenience, they will be referred to herein as they there appeared.

On September 23, 1922, the defendant company issued to Daniel C. Mitchell its certificate of membership, which is in the nature of a policy of accident insurance. The beneficiary named therein was Cora Mitchell, the plaintiff herein and wife of the insured. On the 26th day of February, 1923, the insured was accidentally injured and died June 15, 1923, and this action was commenced by the beneficiary to recover $881.85, the amount named in the policy, less the sum of $118.15, which had been paid.

The petition was in the ordinary form, alleging the issuance of the policy; that it was in force when the insured was injured and when he died; that the injury was sustained accidentally and that proofs of loss were properly furnished by the beneficiary to the defendant company. The petition also alleged that the insured, who was a railway section man, sustained bodily injury, while crossing a street in Oklahoma City, by being accidentally struck by a truck, which resulted in an upward and backward dislocation of the left hip; that said injury was recognized by the defendant as one within the terms of said certificate, and weekly benefits were paid thereon in the amount of $118.15. That said dislocation failed to heal and it became necessary, solely and exclusively by reason of said injury, that sev-

eral surgical operations be performed upon the body of the insured in an attempt to reduce and set said hip dislocation; that said operations were performed on March 20, April 10, and April 18, 1923, and that, as a result of the shock, injury, and effects of said surgical operations, the insured died on June 15, 1923.

Said petition contained a second count, which, after incorporating allegations of the first, alleged that, as a result of said surgical operations, the insured became infected by bacterial or septic infection, and as a direct result of said infection or blood poisoning, the insured died within 90 days, as above set forth.

A copy of said certificate of membership, or accident policy, was attached to and made a part of the petition. It is divided into seven parts, as follows:

Part 1 provides for "accident benefits," covering benefits for total, as well as partial disability, which does not result in the loss of life or of a hand, foot, eye, etc.

Part 2 provides:

"If any one of the total losses specified in the following table of Total Loss Benefits shall, within 90 days from the time of the accident, result from such injury independently of all other causes, the Association will pay:

"(a) For loss of life caused by such injury $1,000 (hereinafter called the Full Death Benefit) to Cora Mitchell, his wife, if surviving, otherwise to his estate'."

Sections (b), (c), (d), (e), (f), and (g) provide for the amount of benefits payable by reason of the loss of either one or both hands, feet or eyes. It then provides:

"All benefits under part 2 hereof shall be payable immediately upon receipt of satisfactory proof of loss (provided, that presentation and payment of a claim under any one of the said paragraphs, a, b, c, d, e, f, or g, part 2 hereof, shall constitute payment in full of all benefits under this certificate."

Part 3 provides for benefits for illness.

Part 4 provides for payment of "Double Benefits" which arise under part 2, where special conditions exist.

Part 5 provides for "benefits for disability, death or dismemberment occasioned by or resulting from any surgical operation rendered necessary solely and exclusively by such injury, which is covered by this certificate, are payable in like amounts and manner as provided under parts 1 and 2 hereof, but not otherwise."

Parts 6 and 7 relate to nonforfeitable provisions, reinstatement of lapsed members, and general provisions not involved herein.

The defendant demurrer to the first count of plaintiff's petition; to the second count and to the petition as a whole, for the reason that they failed to state facts sufficient to constitute a cause of action against the defendant.

The demurrer was overruled, to which exception was taken, and the defendant elected to stand upon said demurrer, and thereupon judgment was rendered for the plaintiff in the sum of $880, with interest and costs, from which judgment defendant appeals.

For reversal, it is urged that the district court made an erroneous interpretation of the policy in overruling said demurrer. The defendant company denies liability on the ground that the injury is one not within the terms of the policy, for the reason that more than 90 days elapsed between the time of the accident (February 26, 1923) and the time of the death of the insured (June 15, 1923).

Plaintiff's theory, the one evidently adopted by the district court, is that part 5 of the policy creates benefits for death resulting from surgical operations, rendered necessary solely and exclusively by such injury, and that the same are payable "in like amounts and manner, as provided under parts 1 and 2," but the recovery of such benefits is not limited by the 90-day provision in part 2.

This necessarily requires a construction and interpretation of part 5 in conjunction with the rest of the policy. In the construction of a written instrument, it is well to keep in mind the purpose to be accomplished thereby and attribute such meaning to its language and provisions as will harmonize with and best effectuate such purpose.

The most casual examination of the policy in question indicates that it was intended to accomplish at least three purposes:

(1) To indemnify the insured for loss which might result to him during his life from accidental injuries received;

(2) To indemnify the beneficiary, if the insured should lose his life on account of such injury; and

(3) To indemnify for disability, death or dismemberment occasioned by, or resulting from any surgical operation rendered necessary solely and exclusively by reason of such injury.

It is urged that the words "such injury" at the close of part 5 refer back to and include the whole of part 2 and, therefore, the insurer is not liable to the beneficiary because the death of the insured did not occur within 90 days from the original injury.

We cannot agree with this interpretation. It seems more in harmony with the objects of the policy and the liberal rules of construction, which apply to instruments of this kind, to say that the words "such injury" refer back to the injury mentioned in parts 1 and 2 for the mere purpose of identification.

If we give to part 5 the interpretation contended for by the defendant company— that is, that the death must occur within 90 days from the date of the original injury—it would be rendered without effect and give no greater or other protection than that already provided by parts 1 and 2.

It is conceded by counsel for defendant, and correctly so, that, under the terms of part 2, if such injury rendered a surgical operation necessary, and death resulted therefrom within 90 days after the date of the accident, the defendant would be liable. Why, then, was part 5 inserted, unless it was the intention to go further and constitute "surgical operations" a separate basis for benefits for disability, death, or dismemberment, when rendered necessary by such injury, regardless of whether such disability, death, or dismemberment occurred within 90 days of the date of the original injury?

Under section 5044, C. O. S. 1921, when interpreting the provisions of a contract, the whole of the contract is to be taken together so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.

It has also been repeatedly held by this and all other appellate courts that the whole of an insurance contract will be taken together and construed so as to give effect to every part of the same, if possible.

Applying these rules to the contract or policy before us, we must conclude that part 5 provided a separate cause for benefits and further provided that they should be paid on the same basis as benefits were paid under parts 1 and 2.

The insured, in the instant case, died within 90 days after the first operation and, therefore, it is not necessary to decide whether said defendant would be liable where the death occurred more than 90 days after the operation.

In any event, part 5 is as susceptible to the construction we have placed on it as that contended for by the defendant. Therefore, this case is governed and controlled by the rule announced many times by this court, and stated in the case of Federal Life Ins. Co. v. Lewis, 76 Okla. 142, 183 Pac. 975, 5 A. L. R. 1637, as follows:

"Where the meaning of language in a policy of life insurance is ambiguous or susceptible of two different constructions, the same will be strictly construed against the insurer, and that construction adopted which is most favorable to the insured."

See, also, General Accident, Fire & Life Assurance Corporation v. Hymes, 77 Okla. 20, 185 Pac. 1085; Great Southern Life Insurance Co. v. Churchwell, 91 Okla. 157, 216 Pac. 676; Kansas City Life Insurance Co. v. Harper, 90 Okla. 116, 214 Pac. 924; Lincoln Health & Accident Life Insurance Co. v. Buckner, 117 Okla. 35, 245 Pac. 582; Lincoln Health & Accident Life Insurance Co. v. Johnigan, 114 Okla. 223, 245 Pac. 837.

Parties, as a general rule, have the right to make such contracts as they desire, and, when made, each party should be held to a performance thereof, but such contracts must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful. Insurance policies, however, are invariably prepared by the insurance company and such company should prepare their policies with such clearness that their terms and conditions will be readily understood by the ordinary reader, who is expected to pay for and rely upon them for indemnity. Courts will not hasten to a construction which has the effect to forfeit the rights of the insured, or his beneficiary, under a policy which has been promptly paid for out of his meager wages, and relied upon as an indemnity to himself against injury, and a protection to his beneficiary in case of death; but they will readily adopt a just and reasonable construction which will prevent such a result.

The judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 32 C. J. p. 1149, §259. (2) 13 C. J. p. 527. §486; 14 R. C. L. p. 925; 3 R. C. L Supp. p. 315; 4 R. C. L. Supp. p. 930; 5 R. C. L. Supp. p. 787; 6 R C. L. Supp. p. 840. (3) 1 C. J. p. 469, §179. (4) 32 C. J. p. 1152, §265; 14 R. C. L. p. 926; 3 R. C. L. Supp. p. 316; 4 R. C. L. Supp. p 931; 5 R. C. L. Supp. p. 787; 6 R. C. L. Supp. p. 840.