## NATIONAL LIFE & ACCIDENT INS. CO. v. FORD.

No. 22770.   Sept. 25, 1934.

West, Gibson, Sherman, Davidson & Hull, for plaintiff in error.

Kimble & Twine (Cecil F. Robertson, of counsel), for defendant in error.

WELCH, J.  This is an appeal from the judgment of the court of common pleas of Tulsa county, in favor of the defendant in error, the plaintiff in that court. The parties will be referred to as they appeared in the trial court.

The plaintiff instituted the action to recover a money judgment on a policy of life insurance issued by the defendant on the life of Claude Greenlaw. The defense offered to the action was fraud, concealment, and misrepresentation of the insured, as to prior medical attention or treatment by a physician, and that the insured was not in sound health on the date the policy was issued.

The jury rendered a general verdict for the plaintiff for $690, with interest at 6 per cent. per annum from August 6, 1930, and, in addition thereto, answered special

interrogatories to the effect that at the time of making application for the insurance the insured was in sound health; that he was not then suffering from acute nephritis; that he was not so suffering on the date the policy was issued, and that he was in sound health on that date, and was not then suffering from dropsy.

The application for the insurance was taken by the agent of defendant on July 16, 1930, the insured stating therein that he had received no medical attention in the last five years. On the same day, or the following day, the insured was examined by the defendant's physician and found to be in good health. The policy was actually issued at the home office on July 28th, containing the provision that the company assumed no obligation unless on said date the insured was alive and in sound health. The policy was delivered to the insured and premiums collected weekly. The insured died August 26, 1930, apparently, from the proof, from acute nephritis.

The defenses interposed were affirmative defenses. The issues raised thereby were questions of fact for •the jury, and the burden was upon the defendant to prove that the insured was not in sound health when the policy was issued, and that the statements of the insured to the effect that he had not had medical treatment in five years last past were false, fraudulent, and misleading. Continental Casualty Co.· v. Owen, 38 Okla. 107, 131 P. 1084; New York Life Insurance Co. v. Stagg, 95 Okla. 252, 219 P. 362; Mid-Continent Life Insurance Co. v. House, 156 Okla. 285, 10 P. (2d) 718; National Life & Accident Ins. Co. v. Shermer, 161 Okla. 77, 17 P. (2d) 401; Mutual Life & Accident Association v. Moore, 162 Okla. 260, 20 P. (2d) 168.

To establish these defenses the defendant introduced evidence, including that of two physicians, tending to show that the insured was not in sound health when the policy was issued, and that he had received medical treatment prior to making application for this insurance. This evidence, however, was sharply contradicted by positive evidence offered by plaintiff.

If the testimony of one of the physicians be accepted as true in all detail, with the construction to which it is reasonably susceptible, then the insured was in bed and seriously ill at the very time the agent waited for him to come home from work to apply for this insurance, and at the very

time he went before the examining physician and was passed as insurable.

We deem it unnecessary to further refer to the details of evidence, other than to say that it clearly appears there was sufficient evidence to present these issues of fact to the jury, and to support the findings and the verdict in favor of the plaintiff.

In the former decisions of this court above referred to, and the cases therein cited, such questions of law as arise here are settled against the contentions of the defendant. No question is raised as to the instructions to the jury, nor as to the correctness of the verdict as to the amount thereof. This court will not disturb the verdict, as it is supported by competent evidence, and the judgment of the trial court is affirmed.

RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and SWINDALL, ANDREWS, and McNEILL, JJ., absent.