## MILLER v. NEW YORK LIFE INS. CO.

No. 5304.  Decided November 19, 1934.  (37 P. [2d] 547.)

*Critchlow & Critchlow,* of Salt Lake City, for appellant.

*Willard Hanson, K. C. Tanner, L. R. Rogers,* and *J. Louis Brown,* all of Salt Lake City, for respondent.

FOLLAND, Justice.

This is an action to recover on a policy of life insurance issued in March of 1919 on the life of Chilion W. Miller for $3,000. The insured died in December, 1929. Plaintff, who was the wife of Miller, was named as beneficiary in the policy of insurance. The premium due March 19, 1922, was not paid before expiration of the grace period, and defendant notified the insured the policy had lapsed for nonpayment of premium. To avoid this defense, plaintiff set up that the policy contained a provision for waiver of premiums in the event "the company receives due proof, before default in the payment of premium that the insured * * * has become wholly disabled by bodily injury or disease, so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occuption whatever for remuneration or profit," and alleged that her husband had become and was from and after January, 1921, so disabled within the meaning of the policy. No formal written proof of disability was furnished the company, and to avoid the consequences of this omission plaintiff alleged that she had notified the defendant prior to the due date of the 1922 premium that her husband was totally and permanently disabled, and that the defendant by its acts and conduct, in denying liability and failing to furnish blank forms on which to make formal proof of disability, was estopped from declaring a forfeiture of the policy. In addition to setting up a lapse of the policy for nonpayment of the 1922 premium, defendant denied the alleged total and permanent disability of the insured, notice or proof of such disability, and denied the facts alleged as a basis for the claimed estoppel or waiver.

At appropriate times in the trial the defendant moved the court to grant a nonsuit and to direct a verdict in its favor. These motions were denied and the cause was submitted to the jury. From a judgment on the verdict in favor of plaintiff, defendant appeals.

Appellant assigns as error the refusal of the court to withdraw the case from the jury and direct a verdict in its

favor on the following grounds: (1) That the evidence fails entirely to show that on March 10, 1922, due date for premium payment, the insured was in fact either totally or permanently disabled; (2) that no proof of total and permanently disability was submitted to the defendant prior to the lapse of the policy; and (3) there was no evidence of a waiver by the defendant of the provisions of the policy requiring the submission of due proof. Appellant also alleges error in the charge to the jury and the refusal of the court to charge as requested by it.

Plaintiff concedes that she, in order to prevail, had the burden of showing: (1) That the insured was disabled within the meaning of the policy provision prior to April 10, 1922, and had been so disabled for more than sixty days; and (2) that prior to delinquent date of the premium due March 10, 1922, due proof of such disability was received by defendant, or that prior to such date the defendant had by its acts and conduct estopped itself from relying on the provision of the contract requiring submission of such proof.

In the briefs counsel are in disagreement with respect to the date before which proof of disability should have been furnished; appellant referring to March 10, 1922, as such date, and respondent using the date of April 10, 1922. We are not required to determine which date is correct within contemplation of the policy. The trial court, █ in the instruction to the jury, adopted March 10, 1922, as such delinquent date. No exception was taken to this instruction, and we are not asked by either party to review it. Without deciding which of the two dates is the one contemplated by the policy, we shall accept March 10, 1922, as correct for the reason given.

The issue of whether plaintiff had established by a preponderance of evidence that the insured was on March 10, 1922, and for sixty days prior thereto, wholly and presumably permanently disabled for work within the meaning of

the provisions of the policy, was submitted to the jury by appropriate instructions. The jury found for plaintiff. The verdict cannot now be disturbed as to this issue unless there is no substantial evidence to support it. It was well established by the evidence that the insured suffered dementia and general paresis caused by syphilis; that in August, 1929, he was committed to the Utah State Hospital and died while in that institution in December of the same year. That he was suffering from syphilis in 1921 and became progressively worse in bodily and mental health was also shown. Plaintiff asserts that he was in a condition of total disability during the sixty days and more prior to March 10, 1922, while defendant contends that there is such a want of evidence with respect to total and permanent disability during the sixty-day period prior to March 10, 1922, that the court should have withdrawn the issue from the jury.

The court instructed the jury as to the meaning of the policy provision of disability in the following language:

"You are instructed that total disability is any impairment either of the mind or the body rendering it impossible for the disabled person to follow continually any substantially gainful occupation; it is deemed be to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it."

"You are instructed that one is totally disabled within the meaning of the policy of insurance mentioned in evidence when he is so far disabled that he can not, with any degree of success, within the range of his normal capabilities, earn wages or profit in some occupation or gainful pursuit."

Similar instructions were approved by this court in the recent case of *Gibson* v. *Equitable Life Assurance Society of the United States* (Utah) 36 P. (2d) 105. The exceptions taken to the quoted charge are not argued by appellant and are therefore waived. The disability of the insured and presumptive permanency thereof are therefore to be tested by the language of the court's charge.

There was evidence submitted by plaintiff that Miller shortly after taking the policy in 1919 went to work for Salt Lake county in its road shops at Murray as night watchman. He also had other duties with respect to caring for the trucks and conditioning them for future use. He continued in such employment until January 1, 1921, when by reason of change of administration in county government his services were dispensed with. Thereafter during the next two years he did odd jobs for a cafe in Salt Lake City, for the Utah Power & Light Company on road construction, and for his brother and another party in herding sheep. This work was not continuous and the hard physical labor for the Utah Power & Light Company was discontinued after a few days. In 1926 Miller attended the Democratic primaries and was elected a delegate to the Democratic County Convention, which he attended. The witnesses who testified for plaintiff noted peculiarities in him as early as January, 1921. His memory was bad; he could not follow a line of conversation; his thoughts would drift; he would go to sleep while persons were conversing with him, was always tired and slept a great deal of the time, sometimes when not lying down; he lost weight; became so weak that he could not weed the garden or do any work. He consulted a physician in the spring of 1921 and took treatments. Dr. Rothwell testified he treated the insured in May of 1921; that at that time he began to show signs of mental decay which manifested itself in loss of memory; that he had lost about fifteen pounds in weight, and showed marked anaemia. He was unable to concentrate and follow the history of his illness, and could not follow a continuous line of thought for any considerable time. His state of mind was so he was likely to wander and become confused. After a thorough examination in June of that year it was found the insured was suffering from syphilis which undoubtedly had its origin several years earlier. Syphilis is a progressive disease which sometimes causes dementia and general paresis. It can sometimes be

cured, but in this instance it resulted in dementia and general paresis. The doctor did not see Miller again until September of 1922, when the patient was wildly delirious. He was then treated for four or five months. His then condition was a naturally progressive condition from that found in the spring of 1921. After this period the doctor did not again treat the insured, but saw him occasionally and could see that his mind was getting very feeble. He testified that if he were to assume that the insured was found to be insane in August of 1929 and died in December of 1929, he would say that was the natural progress of the diseased condition he found Miller to be in in the spring of 1921, and if the disease progressed in the ordinary way Miller would not have been able to carry on any continued occupation requiring mental effort or physical exertion during that period of time. Defendant produced testimony tending to show that the insured had been casually employed in 1921 and 1922, and that his condition was not such that he was totally or permanently disabled for work, at least not until his breakdown in September of 1922. It appeared that the plaintiff was not informed that her husband was suffering from syphilis at any time prior to September of 1922.

In our view of the record there is a sharp conflict in the evidence as to Miller's physical and mental condition prior to March 10, 1922, yet there was substantial competent evidence from which it could be found that he was wholly and presumably permanently disabled as these terms are defined in the court's instructions. There was such a conflict in the evidence on this subject as called for a weighing of the evidence, hence the court committed no error in submitting the issue to the jury.

It is next contended by appellant that plaintiff should fail because no proof, such as is required by the express terms of the policy, was submitted to the company prior to March 10, 1922, or at any other time; that it was a condition prece-

dent to a waiver of payment of premiums that due proof of total and presumably permanent disability of the insured should be submitted to the company before date of default in premium payment. It may be conceded that no such proof was submitted, certainly not in writing or in such form as is customarily required. Where the contract provides, as this one does, that whenever the company receives due proof of such disability before default in payment of premium, the obligation of the company does not rest upon the existence of disability, but it is the receipt by the company of such proof of disability which is definitely made a condition precedent to the waiver of premiums becoming due after receipt of such proof. *Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416. Failure to furnish due proof within such time as the premium was not in default is fatal to plaintiff's claim unless by its acts and conduct the company waived such proof and is estopped to assert such defense. It is asserted by plaintiff that the company was estopped to urge such defense because after notice to it of the disabled condition of the insured it denied liability under the policy and failed and refused to furnish blank forms on which detailed and formal proof could be made. The company denies that by its conduct it waived submission of "due proof" and asserts that its defense on the grounds of failure of plaintiff or the insured to submit such proof is a valid and subsisting right on which it relies.

Plaintiff introduced evidence tending to show that the insured, acting through his wife, the present plaintiff, and one Wilson, the agent of the defendant who sold him the policy of insurance, gave notice to the company prior to March 10, 1922, of the condition of the insured and demanded blank forms on which to make the proof required by the policy. That such notice was given and demand made within such time was denied by the company, and testimony was introduced by it tending to show that no such notice was

given or demand made. By its verdict the jury found as true the facts testified to by plaintiff and her witnesses.

The court instructed the jury as follows:

"If you find from the evidence that the plaintiff or anyone acting for the plaintif or the insured, advised and notified the defendant while the policy of insurance mentioned in evidence was in full force and effect that the insured Chilion W. Miller was totally disabled and had been disabled for more than sixty days and that his disability was such that it might reasonably be expected to be a permanent disability then I instruct you that it was the duty of the defendant to make inquiry as to the nature and extent of the disability of the insured, if any, and its failure, if you believe there was a failure, to deliver forms upon which further proof could be made or to require further proof, would constitute a waiver of further proof of insured's disability and defendant could not thereafter declare a forfeiture of the policy by reason of the failure to pay premiums on the policy during the period of disability."

The appellant duly excepted to this instruction as a whole, but did not except to any portion of the instruction or call to the attention of the court any claimed defect therein other than its claim that the whole instruction was erroneous. The contention is now made that parts of this instruction are bad. This court is committed to the rule that if the instruction is bad as a whole the exception is well taken, but such an exception cannot prevail, even though the instruction is objectionable in one or more of its integral parts, if any part of the instruction is good or if it substantally states the law. *Hansen* v. *Oregon Short L. R. Co.,* 55 Utah 577, 188 P. 852, and *McLaughlin* v. *Chief Consol. Min. Co.,* 62 Utah 532, 220 P. 726. One objection to this instruction is that the jury were not told that the facts listed must be established by a preponderance of the evidence. It would have been much better had the instruction so stated. Nevertheless the court in another instruction told the jury that the burden of proof as to any disputed or controverted fact rests on the party who alleges that fact, and

such fact must be established by a preponderance of the evidence.

Objection is urged to that part of the instruction wherein it is said that if certain facts are found "it was the duty of defendant to make inquiry as to the nature and extent of the disability of the insured, if any." According to the instruction this duty arose only when the insurer was notified by the insured or the plaintiff, or some one for them, that the insured was totally disabled, had been so disabled for more than sixty days before default in payment of premium, and that his disability was such that it might reasonably be expected to be a permanent disability. The insurer, by this instruction, was not charged with the duty of making "a complete investigation of the physical condition of its policy holders upon receipt of every rumor that might cast doubt upon their state of health" as argued by appellant. The duty, under the instruction, did not arise except on proof of the facts stated. Even if this objection were available to appellant, we should hesitate to say that on information received from the insured that he was totally and permanently disabled the insurer had no duty of inquiry in the premises. The company had the right, on receipt of such information, to require further and detailed proof of the nature and extent of disability of the insured, and to furnish the necessary blank forms on which detailed information as to the insured's condition could be supplied. It is urged there is not a scintilla of evidence from which the jury might find that the insured, or the plaintiff, or some one for them, had notified the company while the policy was in full force and effect that the disability "might reasonably be expected to be a permanent disability." Mrs. Miller testified she told the cashier of the company in 1921 that Miller was wholly disabled and unable to work, and again in February or March prior to March 10, 1922, after receipt of notice of the premium due at that time, she again told the cashier of the company that Mr. Miller was disabled and "that he was worse, if anything,

that he was physically and mentally disabled," and that this condition had existed for more than a year. This, with the other testimony as to the condition of the insured, if believed, as it was by the jury, was sufficient evidence to raise the presumption that his disability was permanent within the meaning of the policy.

Mrs. Miller and Mr. Wilson testified that they went to the office of the company for the declared purpose of informing it of insured's condition and attempting to procure for him his disability benefits under the policy. The cashier, they say, instead of delivering to them blanks on which to make formal proof, merely denied that the disability was within the terms of the policy and failed and refused to furnish the blank forms. Counsel for appellant makes a strong and convincing argument that it is incredible the conversations testified to by these persons took place at the times stated. It was for the jury to determine the credibility of the witnesses and the weight of the evidence. The jury believed plaintiff and her witnesses with respect to these facts and we may not now disturb their verdict.

It is also argued that since Mrs. Miller was wholly ignorant of the fact that her husband's condition was caused by syphilis prior to September of 1922, the withholding of this fact from her was equivalent to withholding or concealing it from the company. The detailed information with respect to his condition could well have been demanded by the company by requiring the filling in and filing with it the blank forms which are customarily furnished for such purpose, but this it did not do. On the facts found by the jury's verdict, the company waived further information and formal proof by reason of its denial of liability and failure to furnish blank forms. *Federal Life Insurance Co.* v. *Lewis*, 76 Okl. 142, 183 P. 975, 5 A. L. R. 1637. The rule supported by the weight of authority is thus stated in 14 R. C. L. 1349:

"If the insurer refuses to furnish blanks on the ground that no liability exists it waives proofs of loss. Again, where it is customary

for the insurer to furnish blanks for proof of loss its refusal to do so, on request, is a waiver of proofs."

"A denial of liability by an insurer, made during the period prescribed by the policy for the presentation of proofs of loss, and on grounds not relating to the proofs, will ordinarily be considered a waiver of the provision of the policy requiring the proofs to be presented." Note in 22 A. L. R. 408 (citing supporting cases).

The effect of waiver is indicated by the following from 33 C. J. 21:

"A waiver of notice or proofs of loss eliminates from the contract the condition with reference to the serving of notice or proofs, so that the breach of the condition cannot be relied on as a defense to a recovery on the policy; and a waiver of the condition relieves insured from compliance with every requirement contained therein, and operates on every provision of the policy affected by that condition."

While the instruction given by the court is not perfect in all particulars, it is in substantial compliance with the law applcable to the facts of the case, and is not vulnerable to the exception taken to the instruction as a whole.

Appellant excepted to the refusal of the court to give certain requested instructions on the question of due proof of disability and waiver or estoppel. So far as these were accurately stated, the substance thereof was given in the charge of the court. We see no error by the trial court in this respect.

The judgment of the lower court is affirmed. Costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.