MERCURY INSURANCE CO. et al.
v. MILES.

No. 29625. March 31, 1942.

Rehearing Denied May 26, 1942.

*126 P. 2d 74.*

Billups, Billups & Billups, of Oklahoma City, and R. Place Montgomery, of Hobart, for plaintiffs in error.

Hollis Arnett, of Mangum, for defendant in error.

HURST, J. This is an action on an insurance policy to recover for the loss of

a truck by fire. The material facts are these: On August 24, 1937, plaintiff Miles, owner of the truck, borrowed $225 from Harry Barnes Loan Company secured by a conditional sales contract on the truck. The lender added to the loan the amount necessary to procure insurance on the truck, and agreed to, and did, take out fire insurance on the truck. That policy was canceled, and later, on December 8, 1937, the policy sued on was issued. In the meantime, and on August 25, 1937, Miles executed a mortgage on the truck to C. H. Rutter to secure a loan of $200. The policy sued on refers to the encumbrance in favor of Barnes Loan Company, but not to the Rutter mortgage. Barnes Loan Company transferred its note and conditional sales contract to Standard Investment Company of Dallas, Tex. The record is silent as to what was said at the time the policy sued on was issued. Plaintiff testified that he knew nothing about the issuance of the policy. No written application for the policy was offered in evidence, and we assume that it was issued on the oral application of Harry Barnes of the Barnes Loan Company. The truck burned on January 19, 1938, while the policy sued on was in force.

At the close of the evidence the trial court held that no question of fact was presented, discharged the jury and took the case under advisement. Neither party objected to the discharge of the jury. Thereafter, the court rendered judgment for the plaintiff. Defendant appeals.

1. It is first contended by defendant that the trial court committed error in overruling its motion for judgment on the pleadings, its objection to the introduction of evidence, its demurrer to plaintiff's evidence, and its motion for directed verdict.

The policy sued on contains this provision:

"This entire policy shall be void if the Assured has concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof; or in case of any fraud, attempted fraud, or false swearing by the Assured touching any matter relating to this insurance or the subject-matter thereof, whether before or after a loss. . . .

"Unless otherwise provided by agreement in writing added thereto, and except as to any lien, mortgage, or other encumbrance specifically set forth and described in Section D of this policy, this Company shall not be liable for loss or damage to any property insured thereunder while subject to any lien, mortgage, or other encumbrance. . . . Except as to any lien, mortgage, or other encumbrance specifically set forth and described in Section D of this policy, this entire policy shall be void, unless, otherwise provided by agreement in writing, added hereto, if the interest of the Assured in the subject of this insurance be or become other than unconditional and sole lawful ownership."

In its answer, defendant alleged a breach of said provision in that the existence of the Rutter mortgage was concealed from it at the time the policy was issued. The plaintiff replied by general denial. The defendant argues that it was necessary for the plaintiff to plead waiver or estoppel in order to avoid the effect of said clause, and therefore the motion for judgment on the pleadings and objection to the introduction of evidence should have been sustained. The answer to this argument is that, where an insurance company issues a policy on an oral application and no inquiry by the company as to encumbrances or fraud or misrepresentation on the part of the insured is shown, and a mortgage not referred to in the policy is in existence, the company will be presumed to have written the policy on the knowledge of the company or its agent as to the existence of the encumbrances on the insured property, and to have waived the terms of the policy such as those above quoted, and may not defeat liability on the ground that an encumbrance was not disclosed. Murphey v. Liverpool & L. & G. Ins. Co., 89 Okla. 207, 214 P. 695; Twin City Fire Ins. Co. v. First Nat. Bank of Marietta, 145

Okla. 293, 292 P. 833; Allesina v. London & L. & G. Ins. Co., 45 Ore. 441, 78 P. 392; 26 C. J. 318, § 391; 14 R. C. L. 1185, § 363; 29 Am. Jur. 436; Joyce on Insurance (2d Ed.) § 1780. It follows from these authorities that the reply put in issue the new matter set up in the answer and the motion for judgment on the pleadings and objection to the introduction of evidence were properly overruled.

The burden was upon the defendant to establish its affirmative defense of concealment. National Life & Acc. Ins. Co. v. Ford, 169 Okla. 102, 36 P. 2d 25; 33 C. J. 107, § 827; 29 Am. Jur. 1078, § 1440. This it failed to do, and the court did not commit error in overruling its demurrer to the evidence and its motion for a directed verdict on the ground of concealment.

We have examined the cases relied on by the defendant and do not find them contrary to what we have said. Two of them (Brown v. Conn. Fire Ins. Co., 52 Okla. 392, 153 P. 173, and St. Paul Fire & Marine Ins. Co. v. Peck, 40 Okla. 396, 139 P. 117) involved mortgages covering the insured property made after the policies were written, in violation of a clause in the policies. The other (World Fire & Marine Ins. Co. v. Bugarosky, 176 Okla. 150, 54 P. 2d 631) involved a sole and unconditional ownership clause.

2. Defendant next contends that its defense that plaintiff was not the sole and unconditional owner of the truck because of the existence of the Rutter mortgage should have been sustained. The law is to the contrary. A mortgage is simply a lien, and the sole and unconditional title remains in the mortgagor. First Nat. Bank v. Young, 155 Okla. 282, 8 P. 2d 1108; Pease v. Travelers Fire Ins. Co., 185 Okla. 421, 93 P. 2d 536, 126 A. L. R. 469.

3. Finally it is contended that the policy was not in force at the time of the fire because the truck had been used by the Shelterbelt Division of the Department of Agriculture, in violation of the provision of the policy that it does not cover the truck "while the automobile is used as a public or livery conveyance for carrying passengers for compensation; while rented under contract or leased." However, the record shows that the contract leasing the truck to the Shelterbelt Division expired the day before the truck was burned. The defendant relies on Orient Ins. Co. v. Van Zant-Bruce Drug Co., 50 Okla. 558, 151 P. 323, where the policy provided that "it is warranted by the insured that the automobile hereby insured, during the terms of this policy, shall not be used for carrying passengers for compensation, and it shall not be rented or leased." The case is not in point because of the difference in the quoted terms of the two policies.

Judgment affirmed.

CORN, V. C. J., and RILEY, OSBORN, ARNOLD, and DAVISON, JJ., concur. WELCH, C. J., and BAYLESS and GIBSON, JJ., dissent.