COMMUNITY NATIONAL LIFE INSURANCE COMPANY, a corporation, Plaintiff in Error,

v.

Helen E. GRAHAM, Defendant in Error.

No. 41461.

Supreme Court of Oklahoma.

Sept. 27, 1966.

H. G. Bill Dickey, Dickey, Richard, Works, Stephens, Tulsa, for plaintiff in error.

John R. Wallace, Ben T. Owens, Melvin H. Landers, Robert S. Gee, R. Bruce Carter, Miami, for defendant in error.

BERRY, Justice.

There is involved here a judgment entered in an action brought by the beneficiary of a life insurance policy, to recover the benefits provided thereunder. The case was tried to the court without a jury. The trial court entered judgment in favor of defendant in error, hereafter referred to as plaintiff. Plaintiff in error, defendant herein appeals.

The pertinent portions of the insurance policy involved will be hereinafter discussed.

The policy was sold to Raymond Graham by John E. Painter, an agent for the defendant. Painter's agency contract provided that he recover a commission of 60 per cent on all policies written by him. The premium of $100.00 was collected and the $40.00 due was remitted to defendant. The insured died on April 16, 1963, and proof of death was made as required.

The defendant denied liability on the policy on May 9, 1963, and issued its check in the amount of $40.00 payable to the Farmers State Bank, Afton, Oklahoma. The check was cashed and the $40.00 deposited in the account of the Painter Insurance Agency. The same date Painter Insurance Agency issued its check in the sum of $40.00 payable to plaintiff the beneficiary named in the policy. The check was never cashed. During trial the defendant tendered into court for the benefit of the plaintiff the sum of $100.00 representing the total premium collected on the policy.

On the date the policy was written John E. Painter, an active officer in the Farmers State Bank, Afton, Oklahoma, had committed the bank to a line of credit with the deceased. The financial transaction was not completed and from date of the policy deceased was never indebted to the Farmers State Bank.

Defendant contends that the policy involved is a credit insurance policy, and existence of indebtedness is a necessary prerequisite to its validity. Attorneys for both sides assert in their briefs that they have researched the question and find it to be one of first impression. Although our research fails to disclose a case squarely in point, the question was before the court inferentially in the recent case of Mid-America Corporation v. Roach, Okl., 412 P.2d 188. In that case the Roaches secured a loan in the amount of $3,750.00 from which was deducted the sum of $75.00, to be used in paying the premium on a life insurance policy in the amount of the loan. The lender failed to secure the insurance policy. After the loan had been paid Mr. Roach died. His wife sued the lender for the sum of $3,750.00 contending that if it had purchased the insurance policy she could have recovered this sum from the insurance company. This Court affirmed a judgment in her favor. In effect the Court held that the insured in a credit insurance policy has an interest in the policy for his own use and benefit, independent of the indebtedness secured by the policy.

The risk assumed by the defendant insurance company is no greater because of the absence of indebtedness. The insurance

company for a specified premium agreed to pay $5,000.00 upon the death of the insured. Under terms of the policy any indebtedness which existed at the time of insured's death was paid first. Any remaining portions of the benefits were payable to plaintiff as the second beneficiary.

■ The policy involved herein contains no provision limiting the liability to coverage where indebtedness exists. The policy is a level term policy insuring the life of the insured for $5,000.00, the proceeds to be paid "to creditor as its interest may appear, and the remainder, if any, to the second beneficiary." In this case the creditor had no interest, as the financial arrangements for credit had not been completed. This did not deprive the plaintiff, the second beneficiary, of the benefits of the policy for which insured had paid a premium. The existence of indebtedness was not a necessary prerequisite to validity of the policy.

■ The policy involved here was prepared by the defendant life insurance company. It was within its rights with certain limitations to include in the policy any provisions it desired. A provision making the existence of indebtedness a prerequisite for the issuance of the policy was not included. This Court will not write an exception into the policy by interpretation for the purpose of exempting the insurance company from liability after the death of the policy holder. Lincoln Health & Acc. Ins. Co. v. Johnigan, 114 Okl. 223, 245 P. 837; Great Southern Life Ins. Co. v. Churchwell, 91 Okl. 157, 216 P. 676, 28 A.L.R. 97.

■ Ambiguous provisions of an insurance policy, open to two different constructions, are to be construed most strongly against the insurer, and in favor of the insured. Combined Mutual Cas. Co. v. Metheny, 203 Okl. 522, 223 P.2d 533; Cooper v. New York Life Ins. Co., 198 Okl. 611, 180 P.2d 654; Benefit Ass'n of Railway Employees v. Mitchell, 129 Okl. 114, 263 P. 652; Oklahoma Nat. Life Ins. Co. v. Norton, 44 Okl. 783, 145 P. 1138, L. R.A. 1915E, 695; Standard Accident Ins.

Co. v. Hite, 37 Okl. 305, 132 P. 333, 46 L.R.A.,N.S., 986 .

■ The law favors awarding purchasers of insurance the protection and benefits which they have paid for when such benefits can be justified on sound legal considerations. Continental Ins. Co. of New York v. Hall, 192 Okl. 570, 137 P.2d 908.

Where the provisions of an insurance policy are susceptible to more than one construction, the construction most favorable to the policy holder should be adopted. Great Northern Life Ins. Co. v. Cole, 207 Okl. 171, 248 P.2d 608; Combined Mutual Cas. Co. v. Metheny, supra; Illinois Bankers' Life Ass'n. v. Jackson, 88 Okl. 133, 211 P. 508; Barnett v. Merchants' Life Ins. Co., 87 Okl. 42, 208 P. 271.

■ Defendant also contends the act of the agent Painter, in issuing the policy when no indebtedness existed, was beyond the scope of his authority as agent and therefore the policy is void. The agency agreement between the defendant and Painter reads:

"No insurance shall be written on a debtor, except at the time that the indebtedness is incurred."

At the time the policy was written Painter had committed the bank to a line of credit for Graham. Doubtless he was acting in good faith in assuming the bank would reduce his commitments to commercial papers. There is no evidence that Painter informed Graham the policy would not be enforceable if no indebtedness existed. Graham was the agent of the defendant company. If he failed to accurately execute the policy in accordance with the terms of his agency contract the fault was his and not that of the insured. The defendant was chargeable with Painter's faults and bound by his acts. Atlas Life Insurance Co v. Eastman, Okl., 320 P.2d 397; Knights and Ladies of Security v. Bell, 93 Okl. 272, 220 P. 594.

Defendant further contends the insured was in bad health at the time the policy was written, and that the agent and the insured

fraudulently conspired to secure life insurance protection for the insured when he was not an insurable risk. The health of the insured was not discussed between Painter and the insured at the time the policy was written.

■■ Painter testified that as far as he knew the insured was in good health. There is no requirement in the policy that the insured be in good health at the time the policy was issued. No medical examination was required and no warranty on the part of the insured that he was in good health. The issue of good health was not involved but evidence was offered on the subject during the trial. The evidence is conflicting but is sufficient to establish the good health of the insured. The decision of the trial court on this subject is sustained by competent evidence and will not be disturbed by this Court on appeal. National Life & Accident Ins. Co. v. Roberson, 180 Okl. 265, 68 P.2d 796; Mid-Continent Life Ins. Co. v. Trumbley, 170 Okl. 639, 41 P.2d 913; National Life & Acc. Ins. Co. v. Ford, 169 Okl. 102, 36 P.2d 25.

■ Where the agent of a life insurance company possesses knowledge that an applicant for life insurance is in bad health and notwithstanding such knowledge countersigns, delivers the policy, collects the premiums thereon, remitting the premiums to the insurance company, the knowledge of the agent is imputed to the company and it is estopped to deny liability upon the grounds the applicant was in bad health and an uninsurable risk. Pritchard v. American National Ins. Co., 139 Okl. 248, 281 P. 774; Security Life Ins. Co. v. Woods, 118 Okl. 156, 247 P. 356; Security Benefit Ass'n. v. Green, 103 Okl. 284, 229 P. 1061; Federal Life Ins. Co. v. Whitehead, 73 Okl. 71, 174 P. 784.

■ The defendant accepted the premium on the policy issued and retained same for several months, and neither attempted to refund the premium nor cancel the policy until after insured's death. The acceptance and retention of premiums until after the policy matured, without investigation to determine whether grounds existed for cancellation, estops defendant from denying liability upon the policy. Massachusetts Bonding & Ins. Co. v. Vance, 74 Okl. 261, 180 P. 693, 15 A.L.R. 981; Federal Life Ins. Co. v. Whitehead, 73 Okl. 71, 174 P. 784; American Bankers' Ins. Co. v. Thomas, 53 Okl. 11, 154 P. 44.

Consideration of the issues presented on appeal, when measured by applicable decisions of this Court, requires that the judgment of the trial court be affirmed.

Plaintiff has directed attention to supersedeas bond filed herein and prays judgment thereon. Judgment accordingly is rendered in conformity with provisions of the bond, to be enforced by the trial court as if rendered by that court.