GREAT AMERICAN INS. CO. of N. Y. et al. v. O. K. PACKING CO.

No. 33443. Nov. 22, 1949.

*211 P. 2d 1014.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiffs in error.

Wyatt, Wyatt & Edwards, of Shawnee, for defendant in error.

JOHNSON, J. This action was filed on the 14th day of May, 1946, by O. K. Packing Company, a partnership composed of Watson, Reiniger and Crocker, as plaintiff, against the Great American Insurance Company of New York and the Travelers Insurance Company of Hartford, Connecticut, as defendants, to recover on five different policies for loss sustained by reason of an explosion originating in a prime steam tank used in plaintiff's packing plant for rendering lard and tallow from waste and scrap meats. It was a circular steel tank constructed of 5/16″ sheet steel, with a top of 3/8″ sheet steel, 48″ in diameter and 11 1/2′ in height. The main body of the tank was a cylinder, with an inverted cone at the base, constructed of the same material as the tank. A steam pipe was connected to the cone by flanges, held together by rivets or bolts. The steam pipe was several feet in length and connected with a steam boiler, located in another department of the plant building. The steam passed from the steam boiler through a 2″ steam pipe to the lower base of the inverted cone where a large "quick opening valve" of heavy construction was attached by rivets to the inverted cone base. The steam entered the tank through a 1-2″ pipe above the riveted connection of the quick opening valve. The tank had a relief valve on the top for relieving pressure, which was ordinarily open slightly during the cooking process. The steam boiler from which came the steam had a safety valve to "pop off" at 70 lbs. stream pressure. The tank weighed, empty, 2,-900 lbs. The tank did not generate any

steam or operate any moving parts, but did contain live steam under pressure.

The customary operation of the tank was to fill it during the day's work with raw products of pork and beef, and at 5:00 p.m. live steam was turned into the tank for cooking and rendering the tallow and lard. On the date of the explosion, January 29, 1946, approximately 7,200 lbs. of scraps and waste raw beef and 400 lbs. of water were placed in the tank, and, as usual, at 5:00 p.m. steam was turned into the tank. At about 7:00 p.m. on said date an explosion occurred in this tank. The tank rivets holding the valve at the base of the tank were sheared out of their holes, sending the tank and its contents through the roof of the plant and 300 yards away. The contents were distributed en route. There were no breaks in the tank, except a dent, and broken rivets and plates where it had separated from the valve. The hole in the roof was about 8' or 10' in diameter, and the roof was raised for some distance around the hole, connecting steam pipes were broken and permitted steam to escape. The tank apparently went straight up, leaving no marks on the wall.

There is no dispute as to the facts concerning the explosion, or description of the plant or steam prime tank, nor is the amount of damage sustained by plaintiff questioned.

The defendants (plaintiffs in error) in their brief say, "the controlling question on this appeal is whether the policies covered the loss sustained by plaintiff," and under one proposition they urge that "the loss claimed by the plaintiff is not within the coverage of the policies sued upon."

The five policies issued by the defendants were standard fire policies. Each policy insured against loss by fire, and in addition there was attached to each a rider known as "extended coverage," which covered other perils, including explosions, but excluding certain specified explosions, i. e., three of the policies, No. O. C. 5572 and No. O. C. 5573 by Great American Insurance Company and No. 171151 by the Travelers Insurance Company, contain this exception:

"This company shall not be liable for loss or damage by explosion originating within steam boilers, pipes, flywheels, engines, and machinery connected therewith and operated thereby."

Two other policies, Great American Insurance Company policy No. O. C. 5011 stock reporting policy for $20,000 and Travelers Fire Insurance Company policy No. 173702 for $5,000 covering buildings of insured, each containing exceptions to specified explosions, to wit:

"Provisions applicable only to explosion: This company shall not be liable for loss by explosion originating within steam boilers, steam pipes, steam turbines, steam engines, fly-wheels, located in the buildings insured or in buildings containing the property insured."

In determining the liability of an insurance company under an insurance policy or contract, the contract is to be construed so as to give effect to all of its provisions, if possible, and its terms are accepted in their plain and ordinary sense; exceptions inserted in the policy by the company which attempt to exempt from certain specified risks are to be construed in case of doubt strictly against the insurer. American Paper Products Co. v. Continental Ins. Co., 208 Mo. App. 87, 255 S.W. 1029.

Where language of policy is ambiguous or susceptible of two different constructions, it will be strictly construed against insurer, and that construction adopted which is most favorable to insured. Lincoln Health & Accident Ins. Co. v. Buckner, 117 Okla. 35, 245 P. 582; Lincoln Health & Accident Ins. Co. v. Johnigan, 114 Okla. 223, 245 P. 837; U. S. Fidelity & Guaranty Co. v. Town of Comanche, 114 Okla. 237, 246 P. 238; Metropolitan Life Ins. Co. v. Lillard, 118 Okla. 196, 248 P. 841.

In construing these policies we shall be governed by these well established rules.

We are of the opinion that the contention of the defendants as to the first three policies above mentioned is well taken. These policies specifically exclude loss arising from explosion originating within steam boilers, pipes, flywheels, engines and machinery connected therewith and operated thereby, and that the loss herein sued for under these policies, if occasioned by explosion originating within machinery connected with and operated by a steam boiler, there is no liability. It is conceded that there was an explosion, and that the explosion originated in the prime steam tank, which was used for rendering lard or tallow from waste and scrap meats, and that the prime steam tank was operated by steam in pipes running from a steam boiler to the tank. Under the authority of American Powder Co. v. Commonwealth Insurance Co. of New York, 300 N. Y. S. 528, and citations therein, and Gulf Oil Corp. v. Philadelphia, 357 Pa. 101, 172 A. L. R. 302, 53 Atl. 2d 250, without question the steam prime tank comes within the classification of machinery connected therewith and operated thereby, and an explosion originating therein is within the exceptions exempting the insurer from liability.

We next consider the last two policies above mentioned, No. O. C. 5011 and No. 173702. Under the conceded facts, the explosion originated in the steam prime tank, and not in a steam boiler, steam pipe, steam turbine, steam engine or fly-wheel. These terms must be accepted in their plain and ordinary sense, under the authorities heretofore cited, and in view of the generally accepted meaning and definitions of these terms to be found in common dictionaries and legal authorities, we think that the prime steam tank, as herein described, is not included within the terms "steam boilers, steam pipes, steam turbines, steam engines or fly-wheels," and the exception not being a general exemption from all explosions, but one exempting liability only where explosions occur in the specified implements above mentioned, we are of the opinion, and hold, that the explosion having originated in the prime steam tank, the loss claimed by plaintiff is within the coverage of the last-named policies. Lever Bros. Co. v. Atlas Assurance Co. Ltd., et al., 131 Fed. 2d 770.

Plaintiff asked for judgment in the sum of $2,249.23 against the defendants jointly and severally together with interest from January 29, 1946, the date of the explosion. The trial court rendered judgment in the sum asked with interest from date of the judgment of June 19, 1947. It is conceded that the amount of judgment is correct, and that the amounts are correctly apportioned against each policy, if the policies cover the explosion.

Since we have said that there was no liability under three of the policies, to wit: No. O. C. 5572, No. O. C. 5573 by the Great American Ins. Co., and No. 171151 by Travelers Insurance Company, the judgment as to these three policies is reversed, with directions to render judgment for defendants as to them. As to policy No. O. C. 5011 by Great American Insurance Co. and policy No. 171151 by Travelers Insurance Co., the judgment is affirmed, with directions to correctly apportion the loss covered by these policies according to the items covered by each policy.

WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.