## COMBINED MUTUAL CAS. CO. v. METHENY.

No. 33823.   Oct. 31, 1950.

*223 P. 2d 533.*

Sam L. Wilhite, of Anadarko, for plaintiff in error.

W. R. Wheeler, of Anadarko, for defendant in error.

LUTTRELL, J. This action was brought by Della L. Metheny against defendant, Combined Mutual Casualty Company, a corporation, to recover on an insurance policy issued by said company to her husband, in which she was beneficiary. At the conclusion of plaintiff's evidence the trial court sustained the demurrer of defendant to the evidence, and thereafter upon motion of plaintiff granted a new trial. Defendant appeals from the action of the trial court in granting plaintiff a new trial.

There is no dispute over the facts. Defendant issued to the husband of plaintiff an insurance policy providing for the payment to the beneficiary the sum of $500 if the insured lost his life by drowning "while at a public bathing beach or public swimming pool". The evidence discloses without contradiction that on the 1st day of June, 1947, plaintiff's husband was drowned in a small lake about one and one-half miles southeast of the city of Anadarko while attempting to rescue his son-in-law from drowning. Plaintiff contends that since the evidence conclusively shows that for several years anybody who desired could go swimming or fishing in this lake, and further discloses that numerous persons did swim in the lake without express invitation, but without objection by the owner, the place was a public swimming pool. Defendant on the other hand contends that a public swimming pool designates or refers to a swimming pool or natatorium operated for profit, with facilities to enable one to enjoy the bathing and swimming, and where guards are in attendance or are kept to supervise the use of the pool and rescue bathers in danger. Whether the place in which plaintiff's husband was drowned comes within the term "public swimming pool" is the sole question presented.

In approaching the question it must be borne in mind that this court has numerous times held that trial courts

have great latitude and wide discretion in passing on motions for new trial, and that this court will not reverse an order of the trial court granting a new trial unless the record clearly shows that the trial court erred on a pure and unmixed question of law, or acted arbitrarily or capriciously, and that every presumption in favor of the correctness of the ruling of the court in such case will be indulged. Thompson v. Galion Iron Works & Mfg. Co., 198 Okla. 21, 174 P. 2d 256, and cases therein cited.

Defendant in its brief states that it has been unable to find a case definitely defining just what a public swimming pool is, and calls attention to the definition in Webster's International Dictionary as follows:

"Swimming pool. A pool, especially an artificial pool or tank in a gymnasium, adapted for swimming." ·

Obviously the latter part of this definition is inapplicable to many public pools operated by private owners for profit, and the definition is of little help. In Stephens v. State (Tex. Cr.) 194 S. W. 400, the court said that a "pool" as defined in Bouvier's Law Dictionary is a small lake of standing water, and in a dissenting opinion attention is called to the definition in Century's Dictionary in which a pool is defined to be a part of a small stream where the bed suddenly deepens and broadens into a relatively still, deep, and wide stretch of water. In Vincent v. Barnhill (Miss.) 34 So. 2d 363, the term is applied to a concrete vat which had been built in connection with a bleaching plant.

In Webster's Dictionary a pool is defined as a small and rather deep body of usually fresh water, as one fed by a spring, or one in a stream; also a reservoir for water. And the word "public" as used in connection with such place is defined as a place open to common or general use for participation and enjoyment, or one open and free to the unrestricted use of the public. Obviously these various definitions cast doubt upon the contention of defendant that the term "public swimming pool" necessarily denotes only a pool operated for profit, providing supervision and protection for its patrons and open only to those members of the public who pay for the privilege of indulging in swimming therein. · Combining the definitions of "public" and "pool" the term "public swimming pool" might well be said to have a much broader meaning, and to cover any pool or small body of water in which the public was permitted to swim, regardless of whether a charge was made or any supervision maintained over its activities.

We have repeatedly held that when ambiguity exists in the meaning of an insurance contract the doubt is to be resolved against the company. New York Life Ins. Co. v. Sullivan, 191 Okla. 236, 129 P. 2d 71; New York Life Ins. Co. v. Morgan, 187 Okla. 214, 101 P. 2d 826; Bankers' Reserve Life Co. v. Rice, 99 Okla. 184, 226 P. 324. In the last cited case we said:

"Contracts of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions of every contract of insurance will be construed against the assurer who proposes and prepares the policy. If a policy of insurance and provisions in connection therewith are capable of being construed in two ways, that interpretation should be placed upon them which is most favorable to the insured."

In view of the rule announced in these cases we are unwilling to hold that the term "public swimming pool" should be given the restricted meaning contended for by defendant. In view of the fact that the term has never been defined by the courts, defendant, if it desired to give the term such restricted meaning, should have used language which definitely and plainly placed such restriction upon the term.

Evidently the trial court upon further consideration came to the conclusion

that the term was susceptible of a broader construction than that contended for by defendant and that its action in sustaining defendant's demurrer to plaintiff's evidence was erroneous. We are unable to say that its act in sustaining a motion for new trial was arbitrary or capricious or that it erred on a pure and unmixed question of law.

Affirmed.

DAVISON, C.J., and CORN, JOHNSON, and O'NEAL, JJ., concur. WELCH, J., concurs in conclusion. ARNOLD, V.C.J., and GIBSON and HALLEY, JJ., dissent.