## GREAT NORTHERN LIFE INS. CO. v. COLE.

No. 34320.    Sept. 30, 1952.

*248 P. 2d 608.*

John A. Johnson, Oklahoma City, for plaintiff in error.

H. L. Douglass and Albert D. Lynn, Oklahoma City for defendant in error.

PER CURIAM. This appeal has been perfected by appellant, defendant below, to review a judgment entered in the district court of Oklahoma county, in favor of appellee, plaintiff below, for the principal sum of an accident policy which said defendant, appellant herein, issued to James L. Cole, now deceased.

The facts, which are not in dispute, are, substantially, these:

The defendant issued an automobile accident policy to James L. Cole on November 23, 1936, under the terms of which it agreed to pay, in addition to other benefits, the principal sum of

$2,000 to the beneficiary named in said policy in the event of the death of said insured resulting solely from bodily injuries effected through accidental means directly and independent of all other causes, where such bodily injuries are sustained *by insured*: "(a) while actually riding in, operating, adjusting, cranking or repairing an automobile, or (b) by being struck by an automobile, knocked down or run over by it.

Said policy contained the following exclusion clause:

"This policy, however, does not cover anyone employed as a public or private chauffeur or driver, automobile machinist, repairer or tester, or injuries, fatal or non-fatal, which are sustained by the Insured while engaged in any race or speed contest."

The insured and his father were engaged, as general partners, in the business of repairing Diesel engines from the time said policy was issued until the date of the death of said insured, under the firm name of Oklahoma City Machine Works, and they operated and maintained a machine shop in Oklahoma City in connection with said business.

The involved policy was issued pursuant to a written application obtained by an authorized soliciting agent of defendant insurance company, who was well acquainted with the insured and with the nature of the business in which he was engaged, and his duties in relation thereto. The insured's occupation is described in said application, and in said insurance policy, as being the foreman of a machine shop.

The insured died on April 23, 1948, as a direct result of bodily injuries sustained in a highway accident while operating a Ford truck belonging to said co-partnership, and at a time when he was returning to said place of business in Oklahoma City with the crankshaft of a Diesel engine he had dismantled in Kansas City, Missouri.

The undisputed evidence also shows: (a) that the insured, in conformity to Oklahoma law, was the holder of a chauffeur's license at the time of said fatal accident; (b) that said insurance policy, subject to the limitations therein expressed, was in full force and effect at said time; (c) that the plaintiff below, appellee here, is the sole beneficiary named in said insurance policy; and (d) that proof of loss was duly given to the defendant insurance company.

The defendant contends that "the obvious intent of the policy was to cover ordinary operation of a private automobile in the usual and accepted sense but to exclude the very heightened risk involved in the continuous work of a machinist or repeated driving by a private chauffeur," and it accordingly argues that the recovery in plaintiff's favor cannot be sustained for the reasons: (a) that the insured "was a machinist by trade;" and (b) that the insured was employed at the time of the accident "as a private chauffeur in the present tense of that term * * * in the commercial operation of a truck upon the business of the Oklahoma Machine Works."

The defendant's first contention, that is, that no recovery can be had by the beneficiary named in said insurance policy for the reason that the "insured was a machinist by trade" is without merit.

While, as stated, the undisputed evidence shows that the insured was, in fact, a machinist by trade at the time said insurance policy was issued by the defendant insurance company and at the time said fatal accident occurred, yet it cannot be successfully urged that he was employed as an "automobile mechanic, machinist, repairer or tester," at the time of the accident which resulted in his death, within the meaning of the exclusion clause of said insurance policy.

The rule is settled that an insurance policy must be construed to. give effect to all of its provisions, where pos-

sible, and that its terms and provisions are to be accepted in their usual and ordinary sense, and that exceptions which are inserted by the insurer to exempt it from liability are to be construed, in case of doubt, strictly against the insurer. See Great American Insurance Co. v. O. K. Packing Co., 202 Okla. 231, 211 P. 2d 1014; and Combined Mutual Casualty Co. v. Metheny, 203 Okla. 522, 223 P. 2d 533.

The language of said exclusion provision is not susceptible of the construction assigned to it by the defendant insurance company, and it is, therefore, immaterial that the insured was in fact, a machinist by trade at time of the accident which resulted in his death.

In addition, as stated, the undisputed evidence shows that the defendant insurance company was informed and knew that the insured was a machinist by trade at the time it issued said insurance policy, and at the time it collected and received each premium which thereafter accrued upon said policy, and it will not be permitted to here contend that it issued a worthless policy, and to thus avoid its contractual obligation to pay the principal sum of said insurance policy to the beneficiary named therein, where, as here, the undisputed evidence shows that the insured died as the direct result of accidental injuries he sustained within the terms and provisions of such insurance policy.

In Springfield Fire & Marine Insurance Co. v. First National Bank of Taloga, 70 Okla. 47, 49, 172 P. 652, this court said:

"A party to a contract cannot execute the same and accept benefits thereunder with full knowledge of the facts and circumstances surrounding the execution of the deed and afterwards take advantage of the same circumstances which he had full knowledge of to defeat the obligations imposed upon him by such contracts, nor will an insurance company who knows of the nature of the ownership of the parties to the property insured be allowed to say, after issuing the policy and accepting the benefits thereunder, that the insured did not have an insurable interest in said property. Germania Fire Ins. Co. v. Barringer, 43 Okla. 279, 142 P. 1026; Northam v. International Ins. Co., 45 App. Div. 177, 61 N.Y. Supp. 45; Id., 165 N.Y. 666, 59 N.E. 1127; Robbins v. Springfield Fire & Marine Co., 149 N.Y. 477, 44 N.E. 159; Light v. Countrymen's Fire Ins. Co., 169 P. 310, 32 Atl. 439, 47 Am. St. Rep. 904; Appleton Iron Co. v. British American Assurance Co., 46 Wis. 23, 1 N.W. 9, 50 N.W. 1100; Grabbs v. Ins. Co., 125 N.C. 389, 34 S.E. 503; Gerringer v. North Carolina Home Ins. Co., 133 N.C. 407, 45 S.E. 773.

"In the case of Gerringer v. North Carolina Home Ins. Co., 133 N.C. 410, 45 S. E. 774, the Supreme Court of North Carolina, in discussing the question under consideration here, uses the following language:

" 'We cite with approval the language of Mr. Justice Douglas in Grabbs v. Insurance Co., supra: "We think the rule is well settled that where an insurance company, life or fire, issues a policy with full knowledge of existing facts, which by its terms would work a forfeiture of the policy, the insurer must be held to have waived all such conditions, at least to the extent of its knowledge, actual or constructive. It cannot be permitted to knowingly issue a worthless policy upon a valuable consideration. An implied waiver is in the nature of an estoppel in pais, which might well be enforced by any court of equity under such circumstances." It would seem that common fairness would demand that upon a full, frank disclosure of the condition of the title to the property made to the agent of the company at the time of or before the issuing of the policy and as the basis therefor, the agent should inform the applicant that he had no insurable interest, if such was the case, or, in default thereof, bind his principal to perform its contractual obligations. This is nothing more than the application to the contract of insurance of the well-settled elementary principle that if one fails to speak when it is his duty, he shall not thereafter be permitted to do so for the purpose of avoiding a liability assumed at the time of

such failure. If there be any concealment or fraudulent representation of material facts by the insured, the same principle relieves the insurer from liability. The contract of insurance must be the result of fair, honest disclosures of all facts material to the risk assumed. These principles are recognized and enforced by all of the courts, both state and federal. That notice to the agent of all matters affecting the risk is notice to the company is well settled by abundant authority. Horton v. Ins. Co., 122 N.C. 499 (29 S.E. 944), 65 Am. St. Rep. 717.'"

The principle announced in said case is applicable to the facts presented here.

The defendant's second contention, namely, that no recovery can be had by plaintiff, as the beneficiary named in said insurance policy, for the reason that the insured "was employed as a private chauffeur in the present tense of that term *** in the commercial operation of a truck upon the business of the Oklahoma City Machine Works" at the time of the fatal accident, is, likewise, without merit.

The defendant contends that the word "employed" appearing in the exclusion clause of said insurance policy should be construed to mean "engaged", and it argues, in effect, that the insured was employed as a private chauffeur at the time he sustained said fatal injuries, since he was engaged in the operation of said truck, and was the holder of a chauffeur's license.

Although the word "employed" is used in divers significations, and while it is sometimes construed to mean "engaged", yet when used in its ordinary and natural sense it imports the relationship of master and servant, or employer and employee. Likewise, the word "chauffeur" when used in its ordinary and natural sense means a person who is employed and paid to drive and attend an automobile.

A consideration of the language of said insurance policy, when considered in its entirety, clearly and convincingly shows that the words "employed" and "chauffeur," appearing in the exclusion clause thereof, were used in their ordinary and natural sense, and, as a consequence, it must be held that the injuries and resulting death of the insured fall within the coverage of said insurance policy.

The defendant, however, calls attention to the fact that this court held in Knox and Shouse v. Knox, 120 Okla. 45, 250 P. 783, that "a partner may be considered to be an employee", although it makes no effort to show wherein said cited case is applicable to the facts presented here. On the other hand, an examination of said decision conclusively shows that it lends no aid to the court in determining the meaning to be assigned to the word "employed" which appears in the exclusion clause of the policy, supra.

The defendant also calls attention to the fact that the insured was the holder of a chauffeur's license at the time he received the injuries which resulted in his death. This fact is not material in the present case, since, as it will be noted, the statutes which were in force at the time said insurance policy was issued did not require the operator of any motor vehicle to possess a driver's, chauffeur's or operator's license.

The judgment of the trial court is accordingly affirmed.

This court acknowledges the services of Attorneys George H. Jennings, Don Vickers, and Lawrence Jones, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the court.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.