UNIVERSAL UNDERWRITERS INSUR-
ANCE COMPANY, Appellant,

v.

Mrs. Pearl BUSH, Appellee.

No. 6148.

United States Court of Appeals
Tenth Circuit.

Dec. 4, 1959.

676

Gus Rinehart, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., were with him on the brief), for appellant.

William G. Smith, Oklahoma City, Okl. (Frank M. Houts, Alva, Okl., was with him on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

On November 17, 1955, the appellant insurance company had in force and effect a policy of garage liability insurance issued to Phil Middleton, d/b/a Middleton Chevrolet Company, the named insured. Upon that date, one Stanley Kaczar, while driving a car owned by Middleton and with his permission, was involved in an accident with the appellee. At such time Kaczar was a prospective purchaser of the car, was unaccompanied, and had no other interest in the car or in the affairs of the Middleton company. The accident premised a suit filed by appellee against Kaczar and Middleton in the Oklahoma state court which resulted in a judgment against Kaczar for $33,400. The claim against Middleton was dismissed for lack of evidence. Appellee then instituted the instant suit in the United States District Court for the Western District of Oklahoma alleging that Kaczar was within the policy definition of an additional insured as contained in the Middleton policy written by appellant. The trial court, holding that the terms of the policy were ambiguous and capable of being interpreted as including Kaczar as an additional insured, gave judgment against appellant for $10,000 the policy limit. The holding forms the basis for appeal by the insurance company.

Although claim is made that a prospective purchaser while taking a solo demonstration in a vehicle owned by an automobile agency enjoys a relationship superior in law to that of a simple permissive user we deem such contention to be totally without merit in interpreting the insurance coverage of the instant policy. The single question, as we view it, is whether or not Kaczar, as a permissive user of a Middleton automobile, was within the defined coverage of the policy as contained in a policy endorsement in effect on the date of the accident. Before the endorsement, and as the policy was originally issued, a permissive

user was clearly included as an additional insured for the policy provided:

"Definition of Insured: * * * the unqualified word 'insured' includes the named insured and also includes (1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy, and (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. This policy does not apply:

"(a) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the business of such employer;

"(b) to any partner, employee, director, stockholder or additional insured with respect to any automobile owned by him, or by a member of his household other than the named insured;

"(c) under coverage B, to any partner or employee with respect to injury to or destruction of property owned by, rented to, in charge of or transported by the named insured."

However subsequent to the issuance of the policy an endorsement was tendered to the policyholder, Middleton, and accepted by him at a reduced premium rate. The insurance company contends that the endorsement restricts the coverage by redefining "insured"; the appellee reads it as an enlargement of the class of persons covered:

"It is understood and agreed that paragraph III, Definition of Insured, of Insuring Agreements of this policy is amended to read

"Definition of Insured

"The unqualified word 'insured' includes the named insured and also includes (1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this endorsement, and (2) any partner, employee, director or stockholder of the named insured and any member of the family of the named insured, such partner, employee, director or stockholder while using any automobile covered by this endorsement, and any person or organization legally responsible for the use thereof while such automobile is operated by any such partner, employee, director, stockholder or family member, provided the actual use of the automobile is by the named insured or with his permission. This definition does not include:

"(a) any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the business of such employer;

"(b) any partner, employee, director, stockholder or additional insured with respect to any automobile owned by him, or by a member of his household other than the named insured;

"(c) any person or organization with respect to any automobile loaned by or borrowed from the named insured except while such automobile is operated by the named insured or by any partner, employee, director, stockholder or family member;

"(d) under Coverage B, any partner or employee with respect to injury to or destruction of property owned by, rented to, in charge of or transported by the named insured.

"All other terms and conditions of this policy remain unchanged."

It is appellant's position that Kaczar was not included under Clause 2, "any person * * * legally responsible for the use * * *" because of the qualification "while such automobile is operated by any such partner, employee, director, stockholder or family member" and the proviso "provided the actual use of the automobile is by the named insured or with his permission." Pointing to the redundancy of the two phrases, appellee contends that the final words of the proviso have no significance unless they include a prospective customer such as Kaczar.

Secondly, appellant asserts that Kaczar is excluded under the newly-added paragraph (c) "any person * * * with respect to any automobile loaned by or borrowed from the named insured * * *" Appellee claims that this exclusion was written to deal with situations where the company loans an automobile to a person who must leave his own vehicle for repairs and that the use for demonstration purposes is not a loan.

Under these circumstances, we are faced with a welter of hornbook rules for the construction of contracts, many of which are codified at Title 15 of the Oklahoma Statutes. It is fundamental that the contract is to be taken as a whole; that the language of the contract is to govern its interpretation; that the contract must be construed to give effect to all its provisions; and that in an insurance contract, ambiguous provisions of the policy are construed, in case of doubt, strictly against the insurer.

But all of these rules are merely aids to the court in reaching the cardinal object, the intent of the parties at the time of contract. 15 O.S.A. §§ 152, 153; Continental Casualty Co. v. Goodnature, 170 Okl. 477, 41 P.2d 77.

The rule requiring the court to construe an insurance contract in the light most favorable to the insured, Great Northern Life Ins. Co. v. Cole, 207 Okl. 171, 248 P.2d 608, was not designed to punish the insurance company for inept phraseology or repetitious wording, but merely to prevent the insurer from inserting clauses with equivocal meanings to mislead the insured, Maryland Casualty Co. v. Morrison, 10 Cir., 151 F.2d 772. In the present case if ambiguity exists, it exists because of clumsy efforts to emphasize the limitations on the coverage afforded. Although in another case the language might offer considerable difficulty in interpretation, it appears clear that the policy was intended to insure against the driving errors of the oft-repeated class, "insured, partner, employee, family, director or stockholder" and not those of any person who might drive one of the insured vehicles.

Additionally, the exclusion (c) would appear to eliminate Kaczar as an insured for his position when driving the car was as a "borrower." He was under an obligation to return the vehicle; he was not an employee nor the owner of a business interest in the sales agency.

Circumstances of the contract execution similarly demonstrate an intention to so limit the risk accepted. The premium cost was lessened by the acceptance by the named insured of the endorsement containing exclusion (c).

A consideration of the entire contract recalls the language of Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 231, 76 L.Ed. 416:

" * * * It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. * * * This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings."

Accordingly, the judgment is reversed.