**Donegal Mutual Insurance Company v.
Universal Underwriters Insurance Company**

*Cyril T. Garvey*, for plaintiff.
*W. Allen Dill*, for defendant.

McKAY, P. J., July 29, 1967.—Molnar Motors loaned a car to Mary Pearl Johnson for her use while the Molnar mechanics were repairing her car. She thereafter permitted her son, Howard F. Johnson, to drive the car loaned to her by Molnar. Howard was involved in an accident, and Mrs. Johnson's insurer settled the case for $5,000. Mrs. Johnson's insurer now seeks reimbursement from Molnar's insurer.

Defendant, Molnar's insurer, issued a garage liability policy to Molnar Motors. The policy defines the insured as (1) any partner, employe, director or stockholder of Molnar Motors; (2) any member of the household of such partners, employes, directors or stockholders; and (3) any other person legally responsible for the use of an automobile covered by the policy, provided such automobile is physically operated by a partner, employe, director or stockholder, or a member of the household of such partners, employes, directors or stockholders, and provided the use of the automobile is with the permission of Molnar Motors.

An endorsement to this policy states that "such insurance as is afforded by the policy . . . applies with respect to any automobile owned by the named insured and rented to a customer of the named insured but only while such customer's automobile is temporarily left in the custody of the named insured for service or repair".

Plaintiff contends that the endorsement operated to include customers within the coverage of the policy. It contends that "such insurance as is afforded by the policy" refers to the amount of coverage previously specified, but does not refer to the earlier "definition of insured".

On the other hand, defendant contends that the purpose of the endorsement was merely to provide coverage for the named insured in the event it loans an automobile to a customer who has left his own automobile for repairs. It is argued that "such insurance as is afforded by the policy" refers to the earlier "definition of insured", as well as to the coverage limits. Inasmuch as customers are not covered in the "definition of insured", and inasmuch as the endorsement refers to this definition, defendant contends that a customer cannot qualify as an insured under this policy.

The question here presented has not been decided by any Pennsylvania case. However, in American Fidelity Fire Ins. Co. v. Universal Underwriters Ins. Co., No. 78794, Circuit Court for the County of Wayne, State of Michigan, on March 16, 1967, in construing an identical endorsement, the Michigan court stated:

"Definition of the said specifically defined insured is not expanded by this endorsement to provide coverage to any permissive user being a customer of the named insured while such customer's automobile is temporarily left in the custody of the named insured

for service or repair. The insurance applies with respect to the automobile insuring the class of persons defined as insured but does not specifically name or add the customer as an insured".

Universal Underwriters' "definition of insured" has also been construed by two Federal courts and by one State supreme court. See Universal Underwriters Ins. Co. v. Bush, 272 F. 2d 675 (10th Cir., 1959); Orth v. Universal Underwriters Ins. Co., 284 F. 2d 857 (9th Cir., 1960); Moyer v. Aron, 175 Ohio St. 490, 196 N.E. 2d 454 (1964). In all three cases, it was held that a customer to whom an automobile had been loaned could not qualify as an insured.

The above decisions and the case in point from Michigan appear to be well reasoned. Accordingly, we accept defendant's argument and hold that the endorsement operates to cover Molnar Motors when its automobiles are loaned to customers who have left their own automobiles for repairs, but that it does not operate to extend liability coverage to such customers. It follows that defendant's motion for summary judgment should, therefore, be granted.

ORDER

Now, July 29, 1967, it is ordered that judgment in the above-entitled case be entered in favor of the defendant.