**M. F. A. INSURANCE COMPANY,**
**Plaintiff in Error,**

**v.**

**Phillip Joseph HOLLINGSHAD, by his father, natural guardian and next friend, Charles Thomas Hollingshad, Defendant in Error.**

**No. 42412.**

Supreme Court of Oklahoma.

March 23, 1971.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Tulsa, for plaintiff in error.

John W. Young, Sapulpa, for defendant in error.

LAVENDER, Justice:

This appeal concerns a provision in a policy of automobile liability insurance which purports to limit the liability of the insurer to pay medical expenses of an injured passenger where that person has been paid an amount under the bodily injury liability provisions of the policy in excess of the total amount which could have been claimed under the medical payment provisions of the policy.

Hollingshad, the plaintiff in the trial court and a minor, was injured while riding as a passenger in the insured automobile. Another of the passengers was killed and a third man was also injured. Under the bodily injury liability provisions of the insured's policy, the maximum coverage was $5,000.00 per each person injured up to a maximum of $10,000.00 for each accident. A settlement was made with all of the parties involved by which the $10,000.-

00 maximum was divided as follows: $5,-000.00 to the survivors of the fatally injured person; $2,500.00 to the other passenger and $2,500.00 to Hollingshad. Because of the fact that Hollingshad was a minor, his settlement was approved by the trial court. Prior to the settlement the question of whether the insurer might be liable under a medical payment provision in the policy, up to the maximum of $500.-00 provided such coverage, was discussed by the attorney for Hollingshad and for the insurer. It was then stipulated that the insurer might be joined as a party to the Hollingshad personal injury action for the purpose of submitting to the trial court the question concerning possible liability under the medical payments coverage. The medical payments coverage is referred to in the policy as "Coverage C"; the bodily injury liability provision as "Coverage A." The parties shall be hereafter referred to by name or by their respective trial court designations.

It was more or less agreed—at least it does not seem to be disputed in the briefs of the respective parties—that Hollingshad had $1,869.95 in medical expenses. Only $55.00 of these medical expenses was paid by the insurer under its Coverage C. The question was whether the remaining $445.-00 (of the $500.00 maximum provided under Coverage C) should be paid to Hollingshad.

As it is important to our conclusion in this case that we state, as clearly as we can, the precise question which was submitted to the trial court, we will now refer to the respective pleadings of the parties. The plaintiff's amendment to his petition merely alleged that the insurer was, by the terms of its policy, "legally obligated" to pay the remaining ($445.00) coverage under Coverage C to plaintiff. The defendant insurer's answer alleges:

> "That an agreement has been entered into to settle plaintiff's claim against Ralph Dearinger, named insured of this defendant, for the sum of $2500.00. That said agreement is greater than the

medical coverages of said contract and therefore becomes a part thereof * * *."

The policy provision, on the basis of which the insurer contends it was entitled to credit for its payment of the $2,500.00 settlement with the plaintiff toward any claim against it under its "Coverage C," is as follows:

"The amount of any payment under this Coverage C to or on behalf of any person shall be applied toward the settlement of any claim or the satisfaction of any judgment for damages entered against any insured because of bodily injury to such person arising out of any accident to which bodily injury liability (Coverage A) applies."

In Great Northern Life Ins. Co. v. Cole (1952), 207 Okl. 171, 248 P.2d 608 we stated:

"The rule is settled that an insurance policy must be construed to give effect to all of its provisions, where possible, and that its terms and provisions are to be accepted in their usual and ordinary sense, and that exceptions which are inserted by the insurer to exempt it from liability are to be construed, in case of doubt, strictly against the insurer. See Great American Insurance Company v. O. K. Packing Company, 202 Okl. 231, 211 P.2d 1014; and Combined Mutual Casualty Company v. Metheny, 203 Okl. 522, 223 P.2d 533."

In Community National Life Insurance Co. v. Graham (1966), Okl., 418 P.2d 670, we said:

"The law favors awarding to purchasers of life insurance the benefits and protection which they have paid for, when such benefits can be justified on sound legal considerations."

We know of no reason why such rule should not also apply to automobile liability insurance policies and the benefits and protection purchased by the insured whether such protection be of himself, under the bodily injury liability section of the policy, or the protection be for the passengers in his car, under the medical payments provision.

We notice that the insurer specifically charged a premium for the medical payments coverage.

With the above rules in mind, we have studied the policy from its four corners and have concluded that the provision limiting the company's liability for medical expenses was meant to have one purpose and one purpose only, that being to prevent an injured party from recovering such expenses twice from the same insurer. It was clearly meant to take care of the situation where, for example, a passenger is injured in an accident involving the insured vehicle and is furnished medical attention, or incurs medical services on the strength of the insurer's obligation to pay up to $500.00 of such expense and then the insurer does, in fact pay such expense and the case is thereafter settled or a judgment is rendered in which the same medical expenses are attempted to be collected. In the latter event, the above quoted provision of the policy would permit the insurer to deduct such paid medical expenses. This was not the case here.

As we have seen, the insurer took the position in the trial court that it was entitled to credit, as it were, for *any* payment made by it to the injured party pursuant to its liability coverage (Coverage A). In other words, that such payments under Coverage A did not have to include specifically $500.00 worth of medical expenses. The record is silent with regard to whether in fact the plaintiff, injured passenger, actually included his medical expenses ($1,869.95) in the compromise settlement of $2,500.00. We are told the $2,500.00 represented the balance of coverage left available for the satisfaction of any judgment plaintiff might obtain against the named insured. The inference is made—rather strongly—that this is the reason plaintiff settled with the insured for the

reduced figure of $2,500.00 rather than going ahead to trial on plaintiff's original petition wherein he detailed personal injuries and prayed for damages in excess of $50,000.00 plus several thousand dollars for medical expense.

A considerable number of jurisdictions have held that, absent such a policy provision as hereinabove quoted, an injured party may be entitled to recover for his medical expenses both under the medical payments provision of the policy as well as under the bodily injury liability portion. Other jurisdictions, however, have held that even absent such a provision double recovery will not be allowed, at least from the same insurer, because it was not within the contemplation of the parties. See, for example, Tort v. Register, N.Car., 1962, 125 S.E.2d 754.

In the cases which have been called to our attention and which deal with a policy similar to the one in front of us, the courts seem to have been uniform in holding that such a provision has for its sole purpose the prevention of double recovery for medical expenses. Bowers v. Hardware Mutual Casualty Co., La.App., 1960, 119 So.2d 671 and Tuggle v. Government Employees Insurance Co., Fla., 1966, 185 So.2d 487. We have found no case where simply the payment of a settlement by an insurer under the bodily injury liability provisions of its policy has been held sufficient to entitle the insurer to a set-off against the latter's contractual liability to pay such an injured party's medical expenses without inquiring as to whether the settlement or judgment specifically included medical expenses.

We hold that the burden is upon the insurer to establish to the satisfaction of the trier of the facts that any such settlement or judgment actually included medical expenses and that failing to do so an insurer should be held not discharged from its obligation to pay such expense to an injured claimant as it contracted to do when it charged for and received a premium for this additional coverage in the policy.

With the above in mind, we have reviewed the record presented here. We do not agree with the insurer that simply because medical expenses *could* have been and, in fact, *may* have been, to some uncertain extent, included within the negotiations leading to the compromise settlement of the injured party against the named insured that the courts should totally excuse the insurer from complying with its contract to pay medical expenses (Coverage C).

Further, the judge of the trial court—when he was asked to approve the compromise settlement—was of the view that it did not include any medical expenses of the plaintiff. The trial court stated: "I might decide in your favor and I rather think as it now stands I probably would. Regarding the policy here and the pleadings and then their stipulations, here, I think that you would probably be entitled to some medical in addition to that. * * *." And, in entering judgment: "The court further finds that the medical expense exceeded the amount, the five hundred dollars, provided by the policy as appears in the record here."

From a review of the entire record, including the journal entry of judgment of the trial court, as to this phase of the case, we cannot say that the trial court erred in concluding, in effect, that it had not been established to that court's satisfaction that the $2,500.00 settlement paid to the injured party included $500.00 for the latter's medical expenses.

Caveat. While we do not herein hold that the insurer could not have the benefit of the limiting provision involved here under circumstances warranting its application, because such provision is not in a different place within the policy, we are of the view that the better and fairer practice to the insureds would be to specifically call the existence of such a limitation to the insured's attention in that portion of the policy where the amount of the medical pay coverage provided for is set forth. For

example: "Medical Payments $500.00 (less deductions authorized under Paragraph 1, Part III of the Insuring Agreement)."

Judgment affirmed.

BERRY. C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, and IRWIN, JJ., concur.

McINERNEY, J., concurs specially.

HODGES, J., dissents.

McINERNEY, Justice: (concurring specially).

I concur in the opinion and judgment of the Court, with this additional comment.

A careful examination of the policy reveals that, in its terms, it is heavily weighted toward creating in the insured the impression that he is receiving insurance to the full amount respecting each item of coverage opposite which there is inserted a premium amount or expense. When, for an increased premium, the insured is told that he buys, by coverage C, medical payments for "bodily injury caused by accident" to described persons, including the plaintiff passenger herein, with a limitation as to *"Each* Person" of $500 as a measure of the "Company's liability for *all* expenses incurred by or on behalf of *each* person who sustains bodily injury as a result of any one accident" (emphasis supplied), there results the strong impression, arising from the cumulative effect of all these provisions, that the insured, by his extra premium, is buying in coverage C a completely separate and independent medical payment benefit for the advantage of *"Each* Person" who comes with coverage C's terms. The financial responsibility of the insured to his passengers is thus reduced to the extent of the coverage afforded.

To counteract this cumulatively emphasized impression, there is only the obscurely worded paragraph, tacked on at the end of the affirmative portion of the "medical payment" paragraph of coverage C, not included in the enumeration of "Exclusions" from coverage C, which says merely that payments under coverage C shall be "applied toward the settlement of any claim or the satisfaction of any judgment for damages entered against any insured because of bodily injury to such person arising out of any accident to which bodily injury liability (Coverage A) applies." The language, standing alone, is unambiguous; yet the sentence, so inconspicuous to a layman, is contradictory to the impression created by the insuring provisions. The insurer's own choice of arrangement contrasts with the incidence of policy language and form which stress the cumulatively independent nature of coverages A and C in large letters at the beginning of the policy. Resolution of the issue presented against the insurer under these circumstances is in accord with established principles. Great American Indemnity Co. v. Deatherage, 175 Okl. 28, 52 P.2d 827 (1936); Great Northern Life Ins. Co. v. Cole, 207 Okl. 171, 248 P.2d 608 (1952); Continental Cas. Co. v. Beaty, Okl., 455 P.2d 684 (1969).

In considering the coverage afforded the insured by an insurance policy, the following quotation is found in Thomas v. Continental Casualty Company (10th Cir., 1955) 225 F.2d 798, 801:

> "The language used belongs to the drafter and it is from the professional mind and hand. But, it is to be interpreted in the mind's eye of the layman who buys it upon the representations and inducements conveyed by the bold type, not the fine print."

I agree. In my opinion, the bold type conveys the impression that the insured's passengers will receive the medical pay coverage within the limits set out, with the concomitant result of reducing the financial responsibility of the insured. The use and location of the language suggested in the final *caveat* of the majority opinion, or language of similar import, will possibly eliminate in the future the reasonable impression of additional coverage conveyed

to the insured by the form and arrangement employed in this policy.

I am authorized to state that Justice BLACKBIRD joins in the views expressed herein.