JAI HOSPITALITY v. WESTERN WORLD INSURANCE CO.
2025 OK 13
Case Number: 121294
Decided: 02/25/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 13, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

JAI HOSPITALITY, LLC, an Oklahoma limited liability company d/b/a Relax Inn, Plaintiff/Appellant,
v.
WESTERN WORLD INSURANCE COMPANY, an AIG company and a New Hampshire insurance corporation, Defendant/Appellee.

ON WRIT OF CERTIORARI TO THE
COURT OF CIVIL APPEALS, DIVISION I

¶0 Insured brought an action against the Insurer alleging the Insurer's denial of its claim for damages from a fire loss was in bad faith. Both parties sought summary relief. The Honorable Leah Edwards, District Judge of Garvin County, on a motion to reconsider the denial of Insurer's motion for summary judgment, granted Insurer's motion finding that Insurer made a timely, legally effective offer to renew the insurance policy, and was not required to send its offer directly to the first named insured pursuant to the insurance contract and Oklahoma law, and the insured failed to accept Insurer's offer to renew, and no insurance contract existed at the time of the fire loss. The Court of Civil Appeals affirmed. We hold that the trial court erred in (1) finding that Insurer was not required to send its renewal offer directly to the first Named Insured; and (2) in failing to decide issues properly raised by Insured. We further hold that the terms of the insurance contract and 36 O.S. § 3639

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S ORDER REVERSED; MATTER
REMANDED FOR FURTHER PROCEEDINGS

Brett Agee and Jacob Yturri, Garvin Agee Carlton, P.C., Pauls Valley, Oklahoma, for Plaintiff/Appellant.

Phil R. Richards, Richards & Connor, Tulsa, Oklahoma, for Defendant/Appellee.

Edmondson, J.

¶1 Jai Hospitality, LLC, (Jai) sued Western World Insurance Company (Western World) seeking a determination that a surplus lines insurance policy issued to Jai was intact and provided coverage for property damage claims, and for damages arising from the alleged bad faith denial of Jai's claim by Western World. The claim arose from a fire that occurred at a motel owned by Jai on June 26, 2020. Western World denied Jai's claim and argued that its policy expired at the end of its policy term on June 1, 2020. Jai argued that Western World failed to provide Jai proper notice of nonrenewal and/or notice of a policy renewal with premium increase in accordance with the insurance policy terms and Oklahoma statutes, and this failure extended the policy term both pursuant to the insurance contract and by operation of law. Western World asserted that it was not required to send notice of nonrenewal directly to Jai, because it had extended a proper offer to renew the policy, and/or Jai had allegedly verbally told a J. Charles representative that it was going to take its business elsewhere. It is undisputed that Jai never agreed in writing that it was going to obtain replacement coverage. Jai first obtained replacement insurance coverage in July 2020, after the fire. Western World admitted that it would be required to send notice directly to Jai under the policy for a renewal with premium increase. Jai established that the renewal offer included a more than Three Thousand Dollar ($3,000.00) premium increase from the prior year; and it argued that Western World violated its policy by failing to provide it as the first named insured, direct notice of the renewal offer. The only argument Western World offered was simply that notice to All Risks and J. Charles of the renewal offer constituted notice to Jai. Jai countered that this "notice" of policy renewal was not in accordance with the policy terms or statutes, that notice to Jai's insurance agent did not satisfy the notice mandated under the policy and statute. Both parties sought summary relief. Jai filed a motion for partial summary judgment seeking a determination that the policy was intact and reserving for later determination the amount of property damages and the issue of bad faith. Western World filed a motion for summary judgment arguing the policy expired by its terms on June 1, 2020, that notice of the policy renewal given to the insurance agent used by Jai was as a matter of law, notice to Jai; there was no policy intact and thus, no claim for bad faith could be sustained. The trial court initially denied both parties' motions. On motions for reconsideration from both parties, the trial court granted Western World's motion awarding summary judgment in its favor. Jai appealed, and the matter was assigned to the Court of Civil Appeals, Division I. The Court of Civil Appeals affirmed the trial court's judgment.

¶2 Western World Insurance Company issued a commercial lines insurance policy to Jai Hospitality LLC, dba Relax Inn, the "named insured," insuring the motel owned by Jai for property damage from June 1, 2019, to June 1, 2020.as its agent

¶3 The questions central to resolution of this matter include: (1) did Western World have a duty to give Jai as the "named insured" written notice (a) of a renewal offer with a premium increase, or (b) nonrenewal; (2) was it error for the trial court to hold that as a matter of law, that knowledge of the proposed renewal offer by the surplus lines broker, All Risks, constituted notice to Jai, pursuant to 36 O.S.2021, § 1435.3

FACTUAL AND PROCEDURAL HISTORY

¶4 Western World issued a commercial lines policy to Jai Hospitality, LLC, Policy Number NPP8581504 for the policy period 06/01/2019 to 06/01/202 12:01 a.m. The policy endorsement titled "Oklahoma Changes Cancellation and Nonrenewal" provides in relevant part:

B. 1. Nonrenewal

a. If we elect not to renew this policy, we will mail or deliver written notice of nonrenewal to the first Named Insured at least 45 days before:

(1) The expiration date of this policy; or

(2) An anniversary date of this policy, if it is written for a term longer than one year or with no fixed expiration date.

b. Any notice of nonrenewal will be mailed or delivered to the first Named Insured at the last mailing address known to us.

***

d. If notice of nonrenewal is not mailed or delivered at least 45 days before the expiration date or an anniversary date of this policy, coverage will remain in effect until 45 days after notice is given.(Emphasis added.) Earned premium for such extended period of coverage will be calculated pro rata based on the rates applicable to the expiring policy.

e. We will not provide notice of nonrenewal if:
(1) We, or another company within the same insurance group, have offered to issue a renewal policy; or
(2) You have obtained replacement coverage or have agreed in writing to obtain replacement coverage.

f. If we have provided the required notice of nonrenewal as described in B.1.a. above, and thereafter extend the policy for a period of 90 days or less, we will not provide an additional nonrenewal notice with respect to the period of extension.

B. 2. Premium or Coverage Changes at Renewal

a. If we elect to renew this policy, we will give written notice of any premium increase, change in deductible, or reduction in limits of coverage, to the first Named Insured, at the last mailing address known to us.

b. Any such notice will be mailed or delivered to the first Named Insured at least 45 days before:

(1) The expiration date of this policy;

(2) An anniversary date of this policy, if it is written for a term longer than one year or with no fixed expiration date.

*********************

e. If notice is not mailed or delivered at least 45 days before the expiration date or anniversary date of this policy, the premium, deductible, limits and coverage in effect prior to the changes will remain in effect until:

(1) 45 days after notice is given; or

(2) The effective date of replacement coverage obtained by the insured;

whichever occurs first (emphasis added).

Relevant portions of from the Oklahoma Insurance Code relating to nonrenewal and renewals with premium increase provide:

B. As used in this section:

. . . . . . . . .

5. "Nonrenewal" or "refusal to renew" means termination of a policy at its expiration date.

. . . . . . . . .

D. An insurer may refuse to renew a policy if the insurer gives to the first-named insured at the address shown on the policy written notice that the insurer will not renew the policy. Such notice shall be given at least forty-five (45) days before the expiration date. If notice is given by mail, said notice shall be deemed to have been given on the day said notice is mailed. If the notice is mailed less than forty-five (45) days before expiration, coverage shall remain in effect until forty-five (45) days after notice is mailed. Earned premium for any period of coverage that extends beyond the expiration date shall be considered pro rata based upon the previous year's rate. For purposes of this section, the transfer of a policyholder between companies within the same insurance group is not a refusal to renew. In addition, changing deductibles, changes in premium, changes in the amount of insurance, or reduction in policy limits or coverage are not refusals to renew.

Notice of nonrenewal shall not be required if the insurer or a company within the same insurance group has offered to issue a renewal policy or, if the named insured has obtained replacement coverage or has agreed in writing to obtain replacement coverage.

E. An insurer shall give to the named insured at the mailing address shown on the policy, written notice of premium increase, change in deductible, reduction in limits or coverage at least forty-five (45) days prior to the expiration date of the policy. If the insurer fails to provide such notice, the premium, deductible, limits and coverage provided to the named insured prior to the change shall remain in effect until notice is given or until the effective date of replacement coverage obtained by the named insured, whichever first occurs. If notice is given by mail, said notice shall be deemed to have been given on the day said notice is mailed. If the insured elects not to renew, any earned premium for the period of extension of the terminated policy shall be calculated pro rata at the lower of the current or previous year's rate. If the insured accepts the renewal, the premium increase, if any, and other changes shall be effective the day following the prior policy's expiration or anniversary date.

36 O.S.2021 § 3639

¶5 Western World cited the following statute to support its argument that J. Charles and/or All Risks were the legal agents of Jai and receipt of the offer to renew the policy by J. Charles or All Risks was as a matter of law notice to Jai which states:

B. Every surplus lines insurance broker who solicits an application for insurance of any kind shall, in any controversy between the insured or the insured's beneficiary and the insurer issuing any policy upon such application, be regarded as representing the insured or the insured's beneficiary and not the insurer. Any company which directly or through its agents delivers in this state to any insurance broker, a policy of insurance pursuant to the application or request of such broker, acting for an insured other than himself or herself, shall be deemed to have authorized such broker to receive on its behalf, payment of any premium which is due on such policy of insurance at the time of its issuance or delivery.

36 O.S. 2021, § 1435.3Knights & Ladies of Sec. v. Bell, 1923 OK 479220 P. 594Knights addressed the principal-agency relationship between an insurance company and an insurance agent for the company where the agent failed to disclose pertinent medical history given by the prospective insured at the time of application. This case did not address whether an insurance company or a surplus lines broker as a matter of law, was the designated agent to receive notice on behalf on an insured.

¶6 Even though Western World admitted that the evidence established this renewal offer was never communicated to Jai, it argued that "Jai, for whatever reason did not renew the policy, but the reason is completely irrelevant as to liability of Western World." 

¶7 At oral argument before the trial court, Jai highlighted arguments raised in briefing that the insurance policy and Section 3639 (E) both required Western World to give Jai written notice of the premium increase in the proposed renewal offer, and this failure by operation of the contract as well as the statute, extended the policy. We also note that Western World had explicitly argued in its own brief, that it did have a duty to provide direct notice to any "first named insured" where there was a renewal offer with premium increase. The trial court determined as a matter of law that under Section B(1)(e)(1) of the policy endorsement, relating to nonrenewal, Western World did not have to provide notice of nonrenewal if it offered to issue a renewal policy. The trial court found that it was undisputed that a renewal offer was made by Western World and that "because it is a surplus lines insurer, All Risks and J. Charles are agents of Plaintiff and not of Defendant,"

¶8 Jai's appeal of the trial court's order granting Western World's motion to reconsider denial of summary judgment was reviewed by the Court of Civil Appeals, Division I. The Court of Civil Appeals issued its opinion, not for publication, on September 15, 2023, affirming the trial court's order. With respect to whether Jai was entitled to direct notice of nonrenewal, the Court of Civil Appeals found that 36 O.S. §1435.3

¶9 Jai filed its Petition for Certiorari, including the following bases of error: (1) the trial court erred in holding that Western World made a timely and legally effective offer to renew the insurance policy; (2) the trial court and the Court of Civil Appeals erred by not addressing Jai's argument that Western World was required by its insurance contract and Section 3639 (E) to provide notice to Jai, as the first named insured, of a policy renewal offer with premium increase; (3) the trial court and the Court of Civil Appeals erred in finding that 36 O.S.2021, § 1435.3

STANDARD OF REVIEW

¶10 Summary judgments settle only questions of law, and we review a trial court's order granting summary judgment de novo. Crown Energy Co. v. Mid-Continent Cas. Co., 2022 OK 60511 P.3d 1064de novo standard without regard to the district court's reasoning or result. Cherokee Nation v. Lexington Ins. Co., 2022 OK 71521 P.3d 1261de novo. May v. Mid-Century Ins. Co., 2006 OK 100151 P.3d 13215 O.S.2021, ch. 3, § 157Cherokee Nation, ¶¶ 8-9, 521 P.3d at 1266. We enforce the policy to carry out the parties' intentions at the time the parties entered into the contract. When a policy's terms are unambiguous and clear, the employed language is accorded its ordinary, plain meaning. Bituminous Cas. Corp. v. Cowen Constr., Inc., 2002 OK 3455 P.3d 1030de novo review. Schiewe v. Cessna Aircraft Co., 2024 OK 19546 P.3d 234cert. denied, No. 23-1305, 2024 WL 4426663 (U.S. Oct. 7, 2024). We will affirm summary judgment only if we determine from the pleadings and evidence there is no genuine dispute as to any material fact and one of the parties is entitled to judgment as a matter of law. Id. We have plenary, independent, and non-deferential authority to determine whether the district court erred in its legal rulings. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61222 P.3d 1058U.S. Bank, N.A. v. Alexander, 2012 OK 43280 P.3d 936

DISCUSSION

¶11 Jai urged that the Court of Civil Appeals decided a substantive issue that has not previously been determined by this Court, including interpretation of Section 3639 and whether Section 1435 allows an insurer to provide notice to an agent when the policy requires notice be mailed to the insured at the address listed in the policy. Jai claims that it was entitled to direct notice of the policy renewal offer, the Court of Civil Appeals erred in ruling that notice to All Risks or to J. Charles constituted notice to Jai as a matter of law, and because of this failure the insurance policy was automatically extended under the specific terms of the policy and Section 3639, subparts (D) and/or (E), relating to nonrenewal and/or renewal with a premium increase. Our analysis will begin with examining the Western World insurance policy.

¶12 For more than one hundred years, this Court has held that insurance contracts are to be interpreted in the most favorable manner to the insured and construed most strictly against the insurer.

¶13 Jai's first, second, third and fifth assignments of error deal with Western World's obligation to provide direct notice to Jai, as the "first named insured" either under the policy provisions titled "Nonrenewal" or "Premium or Coverage Changes at Renewal." The trial court and the Court of Civil Appeals relied solely on the nonrenewal section of the "Oklahoma Endorsement" to the Western World policy. Western World urged that this policy simply "expired" by its terms because Jai failed to accept an offer that was never delivered to it, and never paid a premium, thus, it was not required to send notice under the nonrenewal provisions of the policy. We note that "nonrenewal" is defined by the legislature as "termination of a policy at its expiration date." 36 O.S.2021 § 3639at least forty-five (45) days prior to the policy expiration date. Western World stated very clearly what the consequence was of failure to provide notice within this time frame, "if notice of nonrenewal is not mailed or delivered at least 45 days before the expiration date or an anniversary date of this policy, coverage will remain in effect until 45 days after notice is given."never had notice of the renewal offer. As we have noted, Western World's own policy required forty-five day notice prior to the expiration date of the policy to the "first Named Insured."

¶14 We next address the policy section, "B. 2. Premium or Coverage Changes at Renewal," where Western World agreed if it elected to renew the policy, "we will give written notice of any premium increase, ... to the first Named Insured, at the last mailing address known to us" (emphasis added.)We are seeing an increase on this one. I tried to push back with the carrier but they are standing firm. I just wanted to double check the exposures before I shop this around."at least 45 days before: (1) The expiration date of this policy." twelve days before the policy expiration date; this notice does not provide the notice promised by Western World. Western World contractually agreed that "If notice is not mailed or delivered at least 45 days before the expiration date or anniversary date of this policy, the premium, deductible, limits and coverage in effect prior to the changes will remain in effect until: (1) 45 days after notice is given; or (2) The effective date of replacement coverage obtained by the insured; whichever occurs first." (Emphasis added.)never provided Jai a renewal notice at its mailing address. If one used the notice given to J. Charles as sufficient notice, even under the policy, coverage will remain in effect until 45 days after notice is given. In this instance, that would have been forty-five days from May 20, 2020, or July 4, 2020. Jai obtained replacement coverage on July 9, 2020. Because notice of renewal sent to All Risks and J. Charles is not treated as notice to Jai, coverage would have extended under the policy terms as written until the date of replacement coverage.

¶15 Western World also argued in its motion for summary judgment that there was a difference in the notice requirement between a renewal offer without policy changes and one with a premium increase. Citing the specific policy provisions in "Oklahoma Endorsement," B.2, Western World acknowledged that it was required to notify the first named insured where the renewal offer has a premium increase. Western World explained that "the plain meaning of this section, as is made evident by its title, concerns not a requirement to give the first named insured notice of an offer of renewal, but of a premium or coverage change to be effective as of the date upon which an offer of renewal is accepted." we will give written notice of any premium increase, change in deductible, or reduction in limits of coverage, to the First Named Insured, at the last mailing address known to us."

¶16 We next consider Western World's argument that Section 1435.3 bestowed a principal-agency relationship between either All Risks, surplus lines broker and/or J. Charles, the insurance agent and Jai. Western World has advocated in this litigation that All Risks was the "legal agent" of Jai under the above statute. However, this is in contrast with representations made by Western World's General Counsel and Associate VP, as well as the Western World Claims Attorney, both of whom referred to All Risks as "its authorized surplus lines agent, All Risks" and "Western World's agent, All Risk Ltd. sent a renewal quote to your client's agent, J. Charles Agency, LLC." (Emphasis added.)

¶17 We begin with reviewing the plain language of the statute. We presume that the Legislature intended the plain and ordinary meaning of the statute as written.in any controversy between the insured or the insured's beneficiary and the insurer issuing any policy upon such application, be regarded as representing the insured or the insured's beneficiary and not the insurer." 36 O.S.2021, §1435.3

CONCLUSION

¶18 Following our rules of construction, policies of insurance are strictly construed against the insurer and the construction most favorable to the insured is adopted. did not constitute notice to Jai of the renewal offer. As discussed above, even if we did, under the plain terms of Western World's policy, Jai's coverage would remain in effect until forty-five (45) days after notice was given. In this instance, it appears that forty-five (45) days would have extended the policy to July 4, 2020, if the offer to J. Charles was considered a valid offer to Jai; we held this was not valid notice. Jai obtained replacement insurance coverage on July 9, 2020, after the date of the fire loss.

¶19 We hold that the trial court erred in granting summary judgment to Western World. We further hold as a matter of law that Western World was required to give Jai notice as the first Named Insured by mailing or delivering the renewal offer with premium increase to Jai's mailing address listed on the policy; Western World failed to do this. We hold that the notice of renewal offer provided to All Risks and to J. Charles as a matter of law, did not satisfy Western World's policy requirement to provide notice to Jai as the first Named Insured.

¶20 The opinion of the Court of Civil Appeals is vacated, the decision of the district court's grant of summary judgment is reversed, and this matter is remanded to the trial court for proceedings consistent with this Opinion.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S ORDER REVERSED; MATTER
REMANDED FOR FURTHER PROCEEDINGS

Rowe, C.J., Edmondson, Combs, Gurich, Darby, JJ., concur;

Kuehn, V.C.J., Winchester, Kane, JJ., dissent.

FOOTNOTES

36 O.S.2021 § 3639

An insurer shall give to the named insured at the mailing address shown on the policy, written notice of premium increase, change in deductible, reduction in limits or coverage at least forty-five days prior to the expiration date of the policy. If the insurer fails to provide such notice, the premium, deductible, limits and coverage provided to the named insured prior to the change shall remain in effect until notice is given or until the effective date of replacement coverage obtained by the named insured, whichever first occurs. If notice is given by mail, said notice shall be deemed to have been given on the day said notice is mailed. If the insured elects not to renew, any earned premium for the period of extension of the terminated policy shall be calculated pro rata at the lower of the current or previous year's rate. If the insured accepts the renewal, the premium increase, or if any, and other changes shall be effective the day following the prior policy's expiration or anniversary date.

Supra., n. 3

represented by its authorized surplus lines agent, All Risks ...;" "The policy was never cancelled but expired at the end of the policy period. No nonrenewal notice was ever issued either, Western World's agent, All Risks, sent a renewal quote to the complainant's [Jai's] agent, J. Charles Agency, LLC, and subsequently followed up with the Complainant's agent, but no response was ever received." (emphasis added.), See also, Ex. J, Letter from AIG Claims, Coverage Attorney for Western World, D. Hart, "Prior to expiration, Western World's agent, All Risks Ltd. sent a renewal quote to your client's agent, J. Charles Agency, LLC." (emphasis added.)

.

Id.

Id.

Jai Hospitality, LLC v. Western World Insurance Co., Appeal No. 121,294, Opinion of Court of Civil Appeals, Division I, September 15, 2023.

1922 OK 182208 P. 271

Great Am. Ins. Co. v. O. K. Packing Co., 1949 OK 253211 P.2d 1014

Id. at ¶ 8, 211 P.2d at 1016; See also, Great N. Life Ins. Co. v. Cole, 1952 OK 308248 P.2d 608

Cherokee Nation, supra., ¶ 10, 521 P.3d at 1266.

Id.

Id., Ex. 3, email from All Risks to J Charles, May 20, 2020.

Id.

Id.

Supra., n. 6.

Hamilton v. Northfield Ins.Co., 2020 OK 28473 P.3d 22

Yocum v. Greenbriar Nursing Home, 2005 OK 27130 P.3d 213

Great N. Life Ins. Co. v. Cole, 1952 OK 308248 P.2d 608